## MATHES v. COVER.

1. **Mortgage:** PRIVITY OF ESTATE. A mortgagee is privy in estate with the mortgagor only with respect to the estate at the time of the execution of the mortgage or to what is the legitimate result of its status at that time.

2. **Tax Deed:** JUDICIAL SALE: ESTOPPEL. M claimed under a tax sale which was void for fraudulent combination, relying upon the fact that his grantor had recovered the property in a suit based upon his tax title against the patent owner; C claimed under a sheriff's deed executed in pursuance of a sale upon foreclosure of mortgage, made before the tax sale, by the holder of the patent title: *Held,*

    1. That the former adjudication did not work an estoppel upon C to assert his title under the sheriff's deed.

    2. That the mortgage, although it might be subject to the assessment, which antedated it, was not subject to the fraudulent sale thereunder.

*Appeal from Keokuk Circuit Court.*

WEDNESDAY, JUNE 14.

ACTION for the recovery of real estate. Plaintiff claims under a tax deed. Defendant claims under a sheriff's deed executed in pursuance of a sale upon foreclosure of a mortgage made by the holder of the patent title. The tax sale occurred after the execution of the mortgage, and was·void, as the evidence shows, by reason of a fraudulent combination between the purchaser and other bidders. The answer sets up the fraudulent combination. The reply sets up a former adjudication, to-wit: a recovery of the property in question in a suit by plaintiff's grantor against the mortgagor. The court held that the defendant was not estopped by such former recovery. Judgment for defendant. Plaintiff appeals.

*Woodin & McJunkin,* for appellant.

*Mackey & Donnell,* for appellee.

ADAMS, J.—I. The principal question in this case arises upon the ruling of the Circuit Court, that the defendant was not estopped by the recovery in the suit brought for possession

of the property by plaintiff's grantor against the mortgagor in the mortgage under which, upon foreclosure, the property was sold to the defendant. It is said that not only the mortgagee but the purchaser at the foreclosure sale is privy in estate with the mortgagor.

It is doubtless true that a mortgagee is in some respects privy in estate with the mortgagor. *State v. Eads*, 15 Iowa, 114.

Where he is so the purchaser at the foreclosure sale would be also. If, for instance, the tax sale under which the plaintiff claims had been regular, and the defendant had sought to bring in question the validity of the assessment which antedated the mortgage, the plaintiff might properly reply that the mortgagee took the mortgage subject to the assessment, and that the defendant is concluded by the judgment which established its validity.

But while the mortgagee took the mortgage subject to the assessment, he did not take it subject to the pretended tax sale. That occurred subsequent to the execution of the mortgage.

A mortgagee is privy in estate with the mortgagor in respect to the estate as it is when he takes the mortgage and not

1. MORTGAGE: privity of estate.
as it may afterwards become, unless that which afterwards transpires to change the estate is the legal outcome of that which existed when the mortgage was executed. If the mortgagor conveys the mortgaged property after the execution of the mortgage, the conveyance, of course, does not affect the mortgagee. With reference to such estate the mortgagee is not privy with the mortgagor but the grantee is.

In the case at bar, the plaintiff's rights are the same that they would have been if, instead of taking a judgment against

2. TAX DEED: judicial sale: estoppel.
the mortgagor, he had on the day of the date of the judgment taken a deed from him. Whatever interest he acquired dates absolutely from the rendition of the judgment. Prior to that he had no connection with the property whatever. By the tax sale he took absolutely nothing. It being fraudulent, and the fraud being now set up, the sale must be regarded as void, *ab initio*. If it connected with the

tax lien which antedated the mortgage the defendant would be concluded. As all the interest, however, which the plaintiff acquired originated with the judgment he took it subject to the mortgage. He is, therefore, privy to the mortgage and the defendant is not privy to the judgment.

II. The answer averred that the mortgage was executed to the defendant. The evidence shows that it was executed to one Newland. The appellant claims a reversal because the evidence did not support the averment. The essential facts were that a mortgage was executed to somebody and foreclosed, and the defendant bought at the sheriff's sale. It was immaterial who was the mortgagee.

AFFIRMED.