## Gunn *vs.* Wades.

A decree foreclosing a mortgage is conclusive upon the defendant in the bill, and upon any purchaser from him who purchased after the decree was rendered. Hence, in a contest with either, by a purchaser at a judicial sale under the decree, the complainant's title to the mortgage is not an open question, whether the decree was had in a state court or in a circuit court of the United States. Title to the mortgage was essential to the decree rendered, and was necessarily adjudicated as a part of the case then before the court. If the title was pretended or colorable, and therefore fraudulent, the fraud was no less open to discovery before, than since the decree was rendered. All the privies of the mortgagor were represented by and in him, and his failure to defend is their failure.

Judgments. Decree. United States Courts. Mortgage. Privies. Before Judge Wright. Early Superior Court. April Term, 1877.

On April 23d, 1872, a decree of foreclosure of mortgage was had in the case of Currier *vs.* Taylor, pending in the

fifth circuit court of the United States for the southern district of Georgia. Execution issued, was levied upon the mortgaged property, and a sale by the marshal had, on October 7th, 1873, at which Gunn became the purchaser for $200.00. J. M. and R. W. Wade were dispossessed and Gunn placed in possession. The Wades brought ejectment against Gunn. Their title came from the mortgagor and arose subsequent to the decree of foreclosure. There was some evidence to show that the mortgage, and the note to secure which it was given, were the property of Gunn at and before the foreclosure; that the transfer to Currier, who was a citizen of New York, was colorable merely, to give jurisdiction to United States court; that Gunn was and always had been a citizen of Georgia. To this testimony objection was taken, but it was nevertheless admitted.

The jury found for plaintiffs. The defendant moved for a new trial, among other grounds, because of the admission of the above stated evidence, and because the court erred in charging the jury, that if the evidence disclosed that the note and mortgage were not the property of Currier, a citizen of New York, but were the property of Gunn, a citizen of Georgia, at the time of the proceedings had upon the foreclosure of the mortgage, then, so far as plaintiffs are concerned, the decree and execution thereon would be nullities.

The motion was overruled and the defendant excepted.

A. Hood; John T. Clarke, for plaintiff in error. Decree of foreclosure conclusive of ownership of mortgage. 10 Wheat., 192; 8 How., 586; 2 *Ib.*, 319, 3 Pet., 193; 32 Ala., 68; 3 Hawks, 25; 1 Sumn., 578; 14 *Ga.*, 578; 1 Pet., 476; 11 *Ib.*, 80, 351; 6 How., 1; 17 *Ib.*, 47; 7 *Ib.*, 172, 198. Privies bound. 18 *Ga.*, 476; 22 *Ib.*, 348; 25 *Ib.*, 316, 383; 45 *Ib.*, 493; 46 *Ib.*, 133; 54 *Ib.*, 462; 7 How., 17; 56 *Ga.*, 594; 59 *Ib.*, 78; 45 *Ib.*, 80.

John C. Rutherford, for defendants.

BLECKLEY, Justice.

A decree foreclosing a mortgage upon land was rendered in the circuit court of the United States. The land was sold under the decree, and purchased by one of the parties to the present suit. After the decree was rendered the mortgagor conveyed the land to the other party to the present suit. The title derived through a judicial sale under the decree, and the title derived through a private sale by the mortgagor are thus brought into direct collision, and the question is, which must give way?

The whole attack is upon the decree of foreclosure. The effort is to overthrow that as fraudulent and void, or as rendered without jurisdiction. The precise point made is, that the mortgage did not in fact belong to the complainant in the federal court, who was a citizen of New York, but to Gunn, who was a citizen of Georgia, of which state the mortgagor and defendant in the bill was also a citizen. Now, this precise question of title to the mortgage was adjudicated by the federal court as a necessary part of the the decree of foreclosure. There was a judicial determination that the mortgagor was the debtor of the complainant, and that the debt was secured by the mortgage, and that the condition of the mortgage had been broken. There is no suggestion that the mortgagor was not duly served with subpœna in the foreclosure proceeding. He was before the court with full opportunity to question the jurisdiction, or make any other defense that he thought proper to present. The decree went against him; and by him all who hold, or may hold, under him thereafter were represented. In him they fell. He, their head, was condemned, and they in him were condemned also. He was the Adam of their race. They are lost.

Judgment reversed.