JACKSON vs. PARROTT.

A husband may waive the right of homestead in his property as against a certain debt, and his waiver will bind his family, although an application for homestead may at the time be pending.

(a.) If the wife joins her husband in the waiver, and is a party to the foreclosure of the mortgage in which it was made, would it not bind her also, aside from the waiver of the husband? *Quaere.*

Husband and Wife.    Homestead.    Waiver.    Before Judge LAWSON.    Greene Superior Court.    March Term, 1881.

Reported in the decision.

COLUMBUS HEARD, by brief, for plaintiff in error.

H. T. & H. G. LEWIS, for defendant.

SPEER, Justice.

This was a claim case pending in Greene superior court, and on the trial of which, after the evidence was concluded, on motion the claim was dismissed by the court, to which dismissal claimant excepted.

On the 5th day of February, 1873, plaintiff in error and her husband executed a mortgage upon certain real estate to the defendant in error to secure the payment of a note made by the husband on the 14th November, 1871. At the time of the execution of said mortgage the plaintiff in error had applied to the proper court to have the land (thus encumbered) set apart as a homestead, and two days after the execution of said mortgage the same was so set apart. In the mortgage thus executed by the husband and wife is contained the following waiver: "And we, the said Alex. J. J. Jackson and his wife, Sarah F. Jackson, do hereby waive all right we may have under the laws of said state to a homestead out of the tract of land herein-

before described." It further appears that the mortgage was foreclosed against plaintiff in error and her husband at the September term, 1880, of Greene superior court. To a levy of the mortgage *fi. fa.* issuing from said foreclosure the plaintiff in error interposed her claim to said land as a homestead set apart to herself and children under the laws of this state. The question is, whether under the foregoing facts and proofs she was entitled to maintain her claim to said homestead? Plaintiff in error claims, as the debt was her husband's—sought to be secured by the mortgage, in the execution of which the wife joined her husband—her signature is a nullity in law and does not bind her. Admit this to be true, still it has been held by this court that the waiver on the part of the husband of a homestead, as to any particular portion of his property, binds the wife and excludes her from the benefit of a homestead in that property as effectually as though she had joined in the waiver. 55 *Ga.,* 183.

The fact that her application for a homestead was pending at the time the homestead exemption was waived, does not change the principle. The husband has the right, after her application has been made, to prevent her acquiring the homestead by filing his objection thereto. So he likewise may defeat her right to this exemption at any time before it is assigned to her by waiving it in favor of a debt. 55 *Ga.,* 182 ; 63 *Ib.,* 454 ; 56 *Ib.,* 53.

Apart from these well recognized rulings touching the rights of the wife to the homestead over the special waiver of the husband, in this case plaintiff in error was herself a party to this waiver, and a party to the proceedings to foreclose, and it may well be questioned whether she is not estopped from setting up any defense to the enforcement of this judgment *in rem* that she could have availed herself of pending the proceedings to foreclose. Code, §§3577, 3826 ; 62 *Ga.,* 20.

However this may be, it is not material, nor is it necessary to rule only the first question presented by the record in this case, that prior to the setting apart of a homestead exemption to the wife, the husband may defeat her application, though pending at the time, by waiving his right of exemption out of his property in favor of any debt he may wish to secure, on such property as he may wish to encumber, and as under the facts of this case, the rights of the wife as to a homestead exemption out of this property of the husband were defeated by the waiver in this mortgage, executed by the husband and wife, we can see no substantial grounds in law upon which her claim can rest, and we see no error in the judgment of the court below in dismissing the same.

Judgment affirmed.