## GARRARD v. HULL & TOBIN.

92 787
101 499

1. Although, by the dismissal of a bill in equity on general demurrer, it may have been adjudicated that, as between the complainant and the defendants in that bill, the title to certain land was not in the complainant, this was no adjudication upon the question of title as between the complainant and vendees of the defendants who held under a deed from the latter made before the bill was filed.

2. Where husband and wife lived together upon a tract of land to which neither of them had, nor ever had, the legal title (the wife, however, claiming the land as her own by virtue of a secret equity), the mere fact of her living upon the land with her husband was not sufficient to defeat a perfect legal title in another who purchased without knowledge or notice of her equity or of the fact that she claimed to be owner, and when inquiry would have shown that the husband occupied the land as tenant of one from whom the purchaser derived title, this title being consistent with such tenancy, and the tenancy being inconsistent with the wife's alleged equity. In such case the husband alone should be treated as the person in actual possession.

3. It was error to allow a witness who was the maker of an absolute deed, the consideration of which, as expressed on its face, was $2,500, to testify that when he signed the deed, he thought it was a mortgage given to secure $400, this evidence being offered to impeach the deed, as against a subsequent *bona fide* purchaser for value.

(*a*) Error assigned upon the admission of other evidence cannot be considered, it not appearing what, if any, objections were made to it when offered.

4. The court committed no error in granting a new trial.

January 27, 1894.

Levy and claim. Before Judge McWhorter. Hancock superior court. February term, 1893.

Reese & Little, for plaintiff in error.

J. A. Harley, J. T. Jordan and R. H. Lewis, *contra.*

Lumpkin, Justice.

This was a claim case in which Hull & Tobin, survivors of the firm of George R. Sibley & Co., were plaintiffs in execution, and Mrs. Ann E. Garrard was the claimant. The defendants in *fi. fa.* were Pierce & Culver, and L. Pierce and G. P. Culver. The jury found for the claimant, and the court granted a new trial.

1. It appears beyond dispute that in 1881 Beverly Amos owned a tract of land known as the "Lawson place." On the first day of January, 1882, Amos conveyed this land to Pierce, Little & Co. On the 17th of March, 1883, W. F. Little, W. A. Buckner and G. P. Culver, members of the firm of Pierce, Little & Co., quitclaimed to Lovick Pierce, who was the remaining member of this firm, their entire interest in this land. On the 9th of April, 1885, Pierce and Culver made a deed conveying the land to George R. Sibley & Co., predecessors of Hull & Tobin, which deed was recorded on the 8th day of April, 1886. It does not appear why Culver's name was affixed to this deed, the entire title at the time of its execution being, apparently, in Lovick Pierce alone; but this is immaterial, and indeed, in the argu-

ment here, this deed was treated by counsel on both sides as a conveyance from Pierce to Sibley & Co. It was made to secure a debt which was afterwards reduced to judgment in favor of Hull & Tobin, survivors of Sibley & Co. There was also in evidence a deed from Sibley & Co., to the defendants in execution, dated October 18, 1888, and recorded October 24th, 1888, which contained the following recital: "This deed being executed as directed by the judgment and decree of the superior court of said Hancock county, in the case of Hull & Tobin, survivors of George R. Sibley &' Co. *vs.* Pierce & Culver, that the execution founded on the judgment rendered in said case against said Pierce & Culver might be levied on said land, and the same be sold in satisfaction thereof, in preference to all other claims."

In 1887, Mrs. Garrard filed a bill against Beverly Amos, Lovick Pierce and others, alleging that the land in question was her property, and praying that Amos be required to make her a deed to the same, and that the two deeds first above mentioned be cancelled. Sibley & Company were not made parties to this bill, nor was there any allegation therein as to the deed from Pierce and Culver to them. At the October term, 1888, this bill was dismissed on general demurrer. In the argument here, it was insisted that this dismissal was an adjudication that the title to this land was not in the complainant, Mrs. Garrard; that this adjudication was binding upon her in the present controversy, and therefore, as between herself and Hull & Tobin, the question of title was *res adjudicata*. Whatever may have been the effect of the dismissal of the bill as between Mrs. Garrard and the defendants in that bill, certainly nothing was thereby adjudicated as between herself and the plaintiffs in execution in the present case. It must be borne in mind that the conveyance from Pierce and Culver to Sibley & Co. was made before the bill of Mrs.

Garrard was even filed, and therefore, relatively to that bill and the decree thereon, there is no privity whatever between the grantees in that deed and the defendants to the bill. If the bill had resulted in a decree in Mrs. Garrard's favor, it could not be contended that Sibley & Co., or their successors in title, would be estopped by it. Not having been parties to the bill, they were in no way bound by an adjudication against their predecessors in title, rendered in a proceeding not instituted till after the deed to Sibley & Co. was made. Whatever may have been the equities existing between Mrs. Garrard and Pierce and Culver with reference to this land, Sibley & Co., and their successors, could not be affected, one way or the other, by the result of litigation over matters upon which they had not been heard and as to which they were in no legal sense concerned. If, as between Sibley & Co. and Mrs. Garrard, the former would not have been bound by a decree in her favor upon the bill she filed, it is perfectly clear that as to them Mrs. Garrard is not estopped by the dismissal of the bill. The litigation between herself and the respondents in that bill was, as to Sibley & Co., *res inter alios acta ;* and of course, Hull & Tobin stand in the same position as Sibley & Co. would have stood. The proposition that the question of title, as between the claimant and the plaintiffs in execution, is not *res adjudicata* because of the disposition made of the above mentioned bill, is to our minds absolutely free from difficulty, and, in our opinion, requires no further argument.

In this connection, the court charged the jury as follows: "If you believe from the evidence that the bill filed by Ann E. Garrard against Pierce, Little & Co. and L. Pierce covered the subject-matter of this litigation; and if you further believe that the same issues involved in this case were actually adjudicated by the court in that case; and if you further believe that the present

plaintiffs in *fi. fa.*, though not parties to that case, are the vendees of L. Pierce under a deed made to secure a debt, and that the title is yet vested in L. Pierce, then the former judgment is conclusive of the questions involved, or that could or should have been presented by due diligence; and such judgment would in that event be conclusive between the parties thereto, and be conclusive between the claimant and the vendee of L. Pierce, to wit Hull & Tobin, and you would be authorized to find the property subject." In view of what has been stated above, this charge was error. Whether, as between the parties to the present case, the question of title was *res adjudicata* should not have been submitted to the jury at all. On the contrary, the court should have held outright that Mrs. Garrard, so far as the plaintiffs in execution are concerned, was not estopped, by the dismissal of her bill in the former case, from setting up title to the land in dispute.

2. The error above pointed out, being against the claimant, would be no cause for setting aside a verdict in her favor. Upon the actual merits, however, the verdict was wrong, and the court properly granted a new trial. It appeared beyond controversy that at the time the deed of Pierce and Culver was made to George R. Sibley & Co., they took it without knowledge or notice of any kind that Mrs. Garrard either owned, or claimed to own, the land. They were, in the strictest sense, *bona fide* purchasers for value and without notice of the secret equity set up by the claimant. The evidence also shows conclusively that neither Mrs. Garrard nor her husband at that time had, or had ever held, the legal title to the land. The fact that they were living together upon it was the only circumstance tending in the least degree to convey notice that there was any defect or infirmity in the title conveyed to Sibley & Co. This fact was not of itself sufficient to defeat the perfect legal

title which the latter acquired, the more especially when inquiry on their part would have shown that Mr. Garrard occupied the land as the tenant of Lovick Pierce, recognized him as his landlord, and paid, or agreed to pay, him rent for the land. Pierce's title was therefore perfectly consistent with Garrard's tenancy; but that tenancy was entirely inconsistent with his wife's alleged equity. The general rule is well settled in this State, that when husband and wife live together upon land, and the husband exercises control of the same, the possession is presumptively in him as the head of the family, and such joint residence would not alone be sufficient to give notice of any claim of interest in the land by the wife. *Primrose* v. *Browning,* 59 *Ga.* 69; *Neal et al.* v. *Perkerson, sheriff, et al.,* 61 *Ga.* 346. These cases have been followed by later adjudications in this court which need not now be cited. There is nothing in the facts of the present case to take it out of the general rule above stated.

We have not stated nor discussed the facts relied upon by Mrs. Garrard in support of her equitable claim to the land. It is not necessary to do so, because, even if it be true that, as against Pierce, Little & Co. or any of the members of that firm, her equity would be perfect, we are satisfied that, under the undisputed facts presented by the record, it could not, for the reasons stated, be sustained as against the plaintiffs in execution. The evidence demanded a finding by the jury that the property was subject to the execution, and a verdict to the contrary cannot stand.

3. The court, over the objection of counsel for the plaintiffs in execution, allowed Beverly Amos to testify that when he made the deed to Pierce, Little & Co. in 1882, he thought it was a mortgage given to secure a debt for four hundred dollars. The deed was absolute on its face, and expressed a consideration of twenty-five

hundred dollars.   The evidence of Amos in this regard,. if admissible in any event, certainly was not so as against Hull & Tobin, successors in title to Sibley & Co., who were, as has been shown, *bona fide* purchasers for value of the land covered by the deed.   This deed had been recorded nearly three years before the land was conveyed to Sibley & Co., and they had a right, in the absence of notice to the contrary, to rely upon the deed as an absolute conveyance of the land.

In the motion for a new trial, error was assigned upon the admission of other evidence, but it does not appear what, if any, objections were made to the same when offered, and therefore, the alleged error cannot be considered.

4. The court below was doubtless satisfied that the verdict was contrary to law and the evidence, in which opinion we concur, and the granting of a new trial is fully approved.                    *Judgment affirmed.*