## ELWELL *et al. v.* NEW ENGLAND MORTGAGE SECURITY COMPANY.

1. A transcript of a document, introduced in evidence but not incorporated in a brief thereof so as to become a part of the record, can not be properly transmitted to this court. In such case, such document can be considered here only in so far as its contents, or an abstract thereof, appear in the brief of evidence.

2. Where an action was brought against one who had previously conveyed the land sued for to another to secure a debt, the secured creditor is not bound by a judgment rendered against the defendant in that action, and the same is not admissible in evidence against such creditor in a controversy between him and the party in whose favor such judgment was rendered.

3. Where in the trial of a claim case it appeared that the defendant in execution had purchased the land in dispute at a sheriff's sale of the same as the property of another party since deceased, unsigned written memoranda, made by the latter and which as a whole tended to show title to this land in the defendant in execution, were admissible for the plaintiff in execution. A return made by an executor, containing matter relevant to the issue on trial, was also admissible for the plaintiff in execution.

4. A sheriff's deed, purporting to convey a tract of land containing 580 acres and described as the "Home or Bermuda place" of the defendant in execution, less 70 acres set apart to him as a homestead, is not rendered inadmissible because the levy under which the land was sold described it as "six hundred and fifty acres more or less, in said county, known as the Home place, as the property of defendant"; or because another levy on the execution described the property as containing 500 acres, more or less. The levies were not void for uncertainty, and the deed and the fi. fas. were admissible in evidence.

5. As the evidence was conflicting as to the issues of fact upon which the case should have been determined, it was error to direct a verdict, but the same should have been submitted to the jury with proper instructions.

Argued April 13-14, Reargued May 31, — Decided August 10, 1897.

Levy and claim. Before Judge Reese. Taliaferro superior court. February term, 1896.

*S. H. Sibley* and *H. T. Lewis*, for plaintiffs in error.
*Anderson, Felder & Davis* and *James Whitehead*, contra.

SIMMONS, C. J. 1. This case has been twice argued here, the first time before the first division of the court, when it was contended by counsel for the defendant in error that the present plaintiffs in error had no right or claim to the land in

controversy; that the bequest in the will of Rudisill, their grandfather, was to a class; and that plaintiffs in error, inasmuch as their mother was a member of that class and had died before the death of the testator, took nothing under the will. When the first division came to consider the case, it found that it was necessary, in order fully to determine these questions, to have the whole will before the court; whereupon an order was passed directing the clerk of the superior court to send up a certified copy of the will. It was also ordered that the case be reargued before the court as a whole; and upon this reargument it appeared that while the will was introduced in evidence in the court below, yet in making up the brief of evidence only an abstract of certain clauses of the will was inserted therein. In the consultation by the court as a whole it was determined that the entire will could not be considered, because it had not been incorporated in the brief of the testimony, the latter containing only an abstract of certain clauses of the will. This court has full power, where any part of the record has been omitted in the transcript sent here, to send for the same if it be necessary in the consideration of the case; but where evidence has been introduced upon the trial but not incorporated in the brief of evidence and thereby made a part of the record, this court has no power to send for such omitted portions of the evidence or to consider the same in deciding a case, though it has inadvertently ordered them to be sent up. In the present case, the entire will not having been incorporated in the brief of testimony, the court can not consider it. Even could it do so, it seems that in the case of *Smith* v. *Williams*, 89 *Ga.* 14, in which this same will was under consideration, this court placed upon it a construction different from that contended for by counsel for defendant in error.

2. It appears from the record, that the plaintiffs in error, the children of Smith by his first wife, had brought their action against Mrs. Smith, the third wife, to recover the land in dispute, and that on the trial of the same a verdict and judgment were rendered in their favor. Before this action of ejectment was commenced by the children, Mrs. Smith had borrowed money from the New England Mortgage Security Com-

pany, and, as security for the payment of the same, had made and executed to the mortgage company, under section 2771 et seq. of the Civil Code, a deed to this land. It further appears that the debt of Mrs. Smith was not paid when due, and that the mortgage company brought its action against her and recovered judgment thereon. Following the above cited sections of the code, it made and had recorded a conveyance of the property to Mrs. Smith, and then had the execution levied upon such property. A claim thereto was then filed by the present plaintiffs in error. In the trial of this claim, the claimants offered in evidence the judgment which they had obtained in their action of ejectment against Mrs. Smith to recover the land. This was ruled out by the court, and this ruling is made one of the grounds of the motion for a new trial.

While it is the general rule that the judgment of a court of competent jurisdiction is conclusive between parties and their privies as to the facts which it decides (Civil Code, § 5348), yet this broad statement is subject to some qualification. Most rules designed to cover broad, complex and varying relations must be, in certain instances, somewhat modified, and so with this one. The rule is as just above stated, yet it has been held not to apply so as to make a judgment against a tenant for life conclusive, as to the facts it decides, against the reversioner who has not been made a party to the action. Other qualifications of the general rule have been made, and both reason and authority, we think, require that it be restricted in the present case.

A judgment against a party estops his grantee *when the grant is subsequent to the judgment.* After judgment the property is, in the hands of the grantor, impressed therewith, and as he conveys no greater interest than he has, the grantee receives the property impressed with the judgment and is estopped to deny the facts by it decided. "He holds by a derivative title from such grantor, and can not, therefore, be in a better situation than the party from whom he obtained his right." Campbell *v.* Hall, 16 N. Y. 575; *Gunn v. Wades,* 62 *Ga.* 20. A case where the grantee takes the property before the commencement of the action on which the judgment is founded is within

neither the reason nor the rule.  The grantee and grantor are privies in estate, but as to acts done and relations formed by the grantor after the alienation of the property, the grantee is not bound.  As to such acts and relations, subsequent to the grant, they are not in privity.  After an absolute grant of my land to another, I can not, by act of mine or by submission to the rendition of judgments against me, lessen the interest vested in that other by the grant.

This reasoning applies with equal force to the present case, where the deed was given to secure a debt, and we think therefore that, the deed having been made before the commencement of the action in ejectment against the grantor, the grantee is not concluded or estopped by the judgment.  He is privy in estate only with respect to the estate at the time of the execution of the security deed or to what is the legitimate result of its status at that time.  Mathes *v.* Cover, 43 Iowa, 512; *Garrard* v. *Hull & Tobin,* 92 *Ga.* 787.

These principles are recognized in our code in a closely analogous case, when it declares: "The admissions of privies . . . are admissible as against the parties themselves, but declarations of privies in estate, after the estate has passed out of them, can not be received."  Civil Code, § 5193.  And the reason for this modification of the rule relating to admissions of privies in estate is identical with that given above as controlling the rule in regard to the conclusiveness of judgments against privies.  See Campbell *v.* Hall, *supra;* Mathes *v.* Cover, *supra;* Chester *v.* Bakersfield T. H. Ass'n, 64 Cal. 42; Bartero *v.* Bank, 10 Mo. App. 76; Coles *v.* Allen, Preer & Illges, 64 Ala. 98; Todd *v.* Flournoy's Heirs, &c., 56 Ala. 99; Dooley *v.* Potter, 140 Mass. 49; 1 Greenl. Ev. (15th ed.) § 536; 12 Am. & Eng. Ency. of Law, pp. 92–93 and notes.

The judgment offered in evidence was not binding on the defendant in error, the grantee in the security deed, and can not be of any probative value in this case in determining the facts decided by the suit on which it is founded.  To prove the facts decided by it, such judgment was not competent or relevant evidence in this case, and when offered for that purpose it was properly rejected by the judge.

3. It appears that the defendant in execution purchased the land in dispute at a sheriff's sale as the property of her husband, since deceased. On the trial certain unsigned memoranda, proved to be in the handwriting of the deceased husband, were, over the objection of claimants, admitted in evidence. These memoranda were mere declarations or admissions, not under oath and not even signed, but most of them appear to be declarations against the interest of the declarant, and they were, under section 5181 of the Civil Code, admissible in evidence.

The joint returns of Rudisill and Smith were not inadmissible for the reasons assigned in the motion for a new trial. The return seems to have been a joint return by the two executors, although verified by Rudisill only. It must have been allowed and recorded by the ordinary, for in the brief of evidence it is mentioned as a certified copy from the ordinary's office of Taliaferro county. The item of the return insisted upon by the plaintiff in the court below seems to be somewhat relevant to the matter in issue.

4. The defendant in execution, as has been stated, purchased the land in dispute at a sheriff's sale. On the trial of the present case, the deed of the sheriff and the fi. fas. under which the land described in the deed was sold were, over objection of claimants, introduced in evidence. The claimants objected on the ground that the levies and sale were void for uncertainty and for insufficiency of description of the property levied upon. The deed of the sheriff was to Mrs. M. A. M. Smith, and conveyed "all that tract or parcel of land lying in the county of Taliaferro, known as the 'Home' or 'Bermuda' place, adjoining lands of Alfred Borne, Jno. B. Evans, and others, containing five hundred and eighty acres, more or less, the same being the number of acres more or less left in said Home tract after the homestead of said Henry D. Smith, containing seventy acres, had been taken out of said tract, said homestead embracing the dwelling-house and other improvements in said tract of land and with such metes and bounds as are set forth in the record of the same recorded in the clerk's office of the superior

court of Taliaferro county, in Book A, page 149, of Homesteads."

The entries on the fi. fas. were as follows:

"Georgia, Taliaferro county: I have this day levied this fi. fa. on two tracts of land in said county, one known as the home tract, containing four hundred acres more or less, and one known as the mill tract, containing two hundred acres more or less, as the property of the defendant.

"This Nov. 13, 1868.  P. G. Veazey, sheriff."

"Georgia, Taliaferro county: I have this day levied the within fi. fa. on one tract of land in said county, known as the home tract, containing six hundred acres and fifty acres, more or less, as the property of deft.

"July 15, 1875.  M. D. L. Googer, sheriff."

These descriptions of the property were not as definite and specific as they might have been, but they seem to be sufficient to determine the property sought to be described. While they may not have completely identified the property, they at least furnished the means of identification. The inaccuracies in the expression of the number of acres levied upon and sold are slight and can not be held to affect the validity of the sale. On the whole we think the fi. fas. and the entries thereon were sufficient to uphold the sale and were not void for uncertainty or for insufficiency of description, and that the deed introduced sufficiently described the property conveyed. *Beardsley* v. *Hilson*, 94 *Ga.* 50; *Derrick* v. *Sams*, 98 *Ga.* 397.

The levies under which the land was sold and the deed of the sheriff were properly admitted to show the title of those claiming under such sale and conveyance.

5. The judge directed a verdict finding the property subject. A verdict should be directed only where demanded by the evidence, and this was not the case here. The evidence was conflicting as to the issues of fact upon which the case should have been determined, and should have been submitted to the jury with proper instructions. The direction of a verdict was erroneous.

*Judgment reversed.  All the Justices concurring.*