THOMPSON *v.* TASKER, receiver.

1. Where in an action for the recovery of a lot of land the plaintiff, in his petition, claims title under and by virtue of a written chain of title to the same, and does not allege that he has title by prescription by reason of adverse possession, under color of title, for the statutory period, it is not error for the court, upon the conclusion of the evidence in the case, to direct the jury to find in favor of the defendant, if the plaintiff has failed to show the title alleged in his petition, although there may be some evidence tending to show title by prescription under color.

2. A sheriff's deed offered in connection with a tax fi. fa. issued against a lot of wild land, and a levy upon such lot entered thereon, is not admissible in evidence, for the purpose of showing title to the lot by virtue of a sale of the same under such execution and levy, when the deed fails, in material respects, to follow the fi. fa. and levy.

3. It was not erroneous to refuse to permit a witness to testify that the deed "was made in pursuance of the order of court, . . as introduced in evidence."

4. There was no merit in the general grounds of the motion for a new trial; and the court did not err in overruling such motion.

FEBRUARY 21, 1910.

Equitable petition.    Before Judge Gober.    Fannin superior court.    December 30, 1908.

J. K. Thompson, by leave of the court, brought an action against

Charles Tasker, as receiver of the Tasker Lumber Company, to re-
cover a number of lots of land in the 27th district and 2d section
of Fannin county, and for damages for timber cut therefrom.
Among the lots were numbers 27, 28, 82 and 83.    Upon the trial
the plaintiff put in evidence a tax fi. fa. issued by the comptroller-
general on October 1, 1877, against lot of wild land No. 82, district
27, section 2, Fannin county, for $1.98, State and county taxes
for the years 1874, 1875, and 1876, and for lawful costs; and a
levy upon such lot, entered upon the fi. fa., dated April 18, 1878,
made by Nathan Parris, sheriff; also an order granted by the judge
of the superior court of Fannin county, at the May term, 1887, in
substance as follows: "It appearing to the court that on the first
Tuesday and fourth day of June in the year 1878 Nathan Parris
then sheriff of [Fannin] county sold before the court-house door in
said county, . . at sheriff's sale under and by virtue of wild-land
tax fi. fas. the following lands, to wit:" Then follow the numbers
of eight separate lots, all in the 27th district, second section, Fan-
nin county, together with the respective amounts which each lot
sold for at the sheriff's sale, it being stated that lot 82 sold for the
sum of $4.80.    The order then stated that J. K. Thompson was the
purchaser of all of such lots at said sheriff's sale, at and for the
several sums mentioned, that he paid all of the purchase-money
for the lots, but that Parris, as sheriff, failed to execute and deliver
to him "sheriff's deed to said lands," and that as Parris had gone
out of office as sheriff of the county, and George W. Willson was
sheriff at the date of the order, it was ordered, "that said George W.
Willson as sheriff as aforesaid make, execute and deliver to said
J. K. Thompson a sheriff's deed or deeds to all of said land so sold
at sheriff's sale by said Parris as sheriff as aforesaid."    The plain-
tiff then offered in evidence a deed, which was partly printed and
partly written, a printed form having been used in its preparation,
which was as follows:

"State of Georgia, Fannin County.

Whereas, in obedience to a Writ of Fieri Facias, issued from the
by virtue of wild land Tax fifas Court of the                  County of
        at the suit of          against          Nathan Parris, sheriff of
the County of Fannin did lately seize the parcel of land herein-
after described, as the property of said State and County and after
the same being duly advertised, agreeably to law, did, on the 4th

6

day of June in the year Eighteen Hundred and Seventy Eight at the place of public sale, in the County of Fannin expose the same, within the legal hours of sale, at public outcry, when and where J. K. Thompson being the highest bidder, the same was knocked off to him at the price of $46.25 Forty Six Dollars and 25 Cents.

Now, this Deed, Made the 25 day of October Eighteen Hundred and Eighty seven between the said Geo. W. Willson Sheriff Now of said County ~~as aforesaid~~, of the one part, and the said J. K. Thompson of the other part, Witnesseth, that the said Geo. Willson Sheriff as aforesaid, for and in consideration of the sum of $46.25 Forty Six Dollars and 25 Cents, to ~~him~~ said Parris in hand paid by the said J. K. Thompson at and before the sealing and delivery of these presents, (the receipt whereof is hereby acknowledged,) hath granted, bargained and sold, and by these presents doth grant, bargain, sell and convey, so far as the office of Sheriff authorizes him, unto the said J. K. Thompson his heirs and assigns, all at the following lots of land to wit No. (43) Forty three, (No. 54) fifty four, (No. 65) sixty five, (No. 68) sixty eight, (No. 79) seventy nine, (No. 82) eighty two, (No. 95) ninety five and No. 101 one hundred and one all of said lots of land lying and being in the 27th twenty seventh district and 2nd second section of said County of Fannin Together with all and singular the rights, members and appurtenances thereof; and, also, all the estate, right, title, interest, claim and demand of the said State and County in law equity or otherwise, whatsoever, of, in, or to the same :

To Have and to Hold the said premises, and every part thereof, unto the said J. K. Thompson his heirs and assigns, in as full and ample a manner as the said State and County or their heirs and assigns, did hold and enjoy, or might have held and enjoyed the same, had it not been seized and sold under the Execution aforesaid.

In Witness Whereof, The said Geo. W. Willson Sheriff aforesaid, hath hereunto set his hand and affixed his seal, the day and year first above written.       George W. Willson [L. S.] Signed, sealed and delivered in the presence of       Sheriff."
L. G. Cutcher
D. W. Garrett, C. S. C."

This deed was offered in connection with the testimony of the

plaintiff, to the effect that it was executed after the order of court had been granted and was the only deed which Willson, as sheriff, had ever made to the plaintiff. Upon objection of defendant, the court excluded this deed from evidence, upon the ground that it did not follow the tax fi. fa. and levy and the order of the court with reference to lot 82. The court also ruled out the following testimony of the plaintiff: "The deed from George W. Willson as sheriff to me was made in pursuance of the order of court, passed by Judge Wellborn, as introduced in evidence." The court, in the charge, directed the jury to find in favor of the defendant as to lot 83. There was a verdict for the plaintiff for lots 27 and 28 and $200.00 damages. The plaintiff moved for a new trial upon the general complaint that the verdict should have been also for the recovery of lots 82 and 83, and for the value of the timber cut therefrom; also, upon the ground that the court erred in directing the jury to find in favor of defendant as to lot 83, and upon the ground that the court erred in excluding the above-quoted testimony of the plaintiff. A new trial was denied, and the plaintiff excepted.

*Colquitt & Conyers* and *William Butt,* for plaintiff.

*J. Z. Foster* and *O. R. DuPree,* for defendant.

FISH, C. J. (After stating the facts.)

1. In the motion for a new trial it is alleged that the court erred in directing the jury to find in favor of the defendant as to lot 83, as there was sufficient evidence to authorize the jury to pass upon the question as to whether the plaintiff had a prescriptive title, under color, to this lot. The evidence on the question of prescription as to this lot was quite indefinite; but regardless of this, the court's direction was proper, for the reason that title by prescription to lot 83 was not set up in the petition, and of course the plaintiff could only recover, if at all, upon the case made in his petition. Upon the argument of the case before this court, counsel for plaintiff in error suggested a diminution of the record as to an alleged amendment to the petition in which a prescriptive title to this lot was set up. The clerk of the court below was required, by an order from this court, to send up a certified copy of all amendments to the petition, and in response to such order he certified that there was no amendment to the petition of file in his office, and that he had no knowledge of any ever having been in his office.

2, 3. The deed offered by the plaintiff for the purpose of showing title, by virtue of a sheriff's sale under the tax execution issued by the comptroller-general, was properly excluded by the court upon the objections made to its admission. The tax fi. fa. in question was issued specifically against lot 82, in district 27, section 2, Fannin county, and was in the nature of a proceeding in rem for taxes imposed upon the lot itself for given years. It could not have been levied upon any property other than this lot, nor could this lot have been levied upon under a wild-land tax execution issued against any other lot. According to the recitals in the deed, "by virtue of wild-land tax fi. fas.," Parris, sheriff of Fannin county, "did lately seize the parcel of land hereinafter described as the property of the said State and County," and afterwards sold the same at sheriff's sale to Thompson for $46.25, and in consideration of the payment of such sum to Parris by Thompson, Willson, as sheriff, conveys the eight lots described in the deed, one of them being lot No. 82, "with all the estate, right, title, interest, claim, and demand of the said State and County" in and to the same, to hold "in as full and ample a manner as the said State and County or their heirs and assigns did hold and enjoy, or might have held and enjoyed the same, had it not been seized and sold under the execution aforesaid." It is clear that the deed did not follow the fi. fa. and the levy; as the fi. fa: was against lot 82 only, for its own taxes only, and it was levied on for the same, while the deed shows that lot 82 and seven other described lots were all levied on, under various wild-land tax executions, as the property of the State and county and sold as such, and purports to convey the interest of the State and county in all these lots to Thompson, as the purchaser at such sale. And the deed apparently shows that all of the wild-land tax fi. fas. were levied upon all of the lots, and that they were all sold thereunder at one sale; in other words, that the lots were sold in bulk, and not separately, and each sold not only for its own taxes but for the taxes due upon all of the others. No reference whatever is made in the deed to the order of the court. For these reasons, the deed, as we have said, was not admissible in evidence, although the plaintiff testified that it was made after the order of the court had been granted and was the only deed which Willson, as sheriff, had made to him. Of course, the testimony of the plaintiff that the deed "was made in pursuance

of the order of court, passed by Judge Wellborn, as introduced in evidence," was not admissible, as this was not a matter upon which the witness could express an opinion.    The witness was allowed to testify that the deed was made after the order of the court was granted, but whether it was made "in pursuance of," that is, in accordance with, in fulfillment of, the court's order, was a question for the court and not for the witness.

4.    There was no merit in the general grounds of the motion for a new trial; and the court did not err in overruling such motion.

*Judgment affirmed.    All the Justices concur.*