## In re BOWERS.

(District Court, N. D. Georgia, E. D.   March 7, 1922.)

1. **Bankruptcy** ⊂⇒399(1)—**Act does not prevent return of property conditionally set apart as exempt.**

  The provisions of Bankruptcy Act, §§ 6, 7a, 47, and 70a (Comp. St. §§ 9590, 9591, 9631, 9654), relating to exempt property, but containing no reference to a waiver or renunciation of the right, do not prejudice a right of the bankrupt to return to the court for administration property previously set apart to him as exempt under the state statutes, if he might do so without prejudice to the rights of others.

2. **Bankruptcy** ⊂⇒399(1)—**Amended schedule, waiving right to exemption, held sufficient under state law.**

  Under Civ. Code Ga. 1910, § 3413, allowing a debtor to waive his right to exemption by a writing, either general or specific, which has been construed to limit the right of the beneficiaries to claim the exemption under section 3393 to the case of verbal waiver or nonaction, the amendment of the schedule in bankruptcy, so as to waive or renounce the bankrupt's claim to exemption, during the time allowed creditors to object to the exemption, is a sufficient waiver and renouncement in writing.

3. **Bankruptcy** ⊂⇒399(1)—**Holders of notes renouncing homestead exemption cannot prevent waiver of exemption by bankrupt.**

  Creditors of the bankrupt, who held notes in which he waived his homestead exemption by a general declaration of renouncement, cannot object to the waiver by the bankrupt of his right in bankruptcy proceedings to renounce his exemption, after property was set apart to him.

4. **Bankruptcy** ⊂⇒399(1)—**Original claim of homestead held not to prevent renouncing after note holders had receiver appointed.**

  The fact that the holders of notes in which the bankrupt waived his homestead exemption had had receivers appointed by the state courts of such homestead property after the bankrupt claimed his exemption, but within the 20 days for objections by creditors, does not prevent the bankrupt from thereafter amending his schedule, so as to renounce his homestead claim and return the property for administration by the court of bankruptcy.

In Bankruptcy. In the matter of the estate of J. L. Bowers, bankrupt. On a review of a judgment allowing an amendment of schedule, so as to waive and renounce claim of homestead. Judgment affirmed.

S. C. Upson, of Athens, Ga., for creditors.
H. W. Whitnell, of Athens, Ga., for bankrupt.

SIBLEY, District Judge. The bankrupt in his schedule claimed a $1,600 exemption to be set apart out of specific property. The trustee set the property aside, and, during the 20 days within which creditors might object, certain creditors, holding notes against the bankrupt in which he had waived and renounced all rights of homestead and exemption, obtained the appointment of a receiver in the state court, under the practice authorized in Bell v. Dawson Grocery Co., 120 Ga. 628, 48 S. E. 150, and the receiver applied to have the exempted property turned over to him. The bankrupt, on the twentieth day, came into court and in writing amended his schedule, so as to waive and renounce all right or claim to the homestead, which amendment was allowed by the referee, and thereupon the trustee in bankruptcy was ordered to

take charge of the property set apart and administer it in bankruptcy. Of this judgment of the referee a review is now sought.

[1] The Bankruptcy Act provides, by section 6 (Comp. St. § 9590), that allowance to bankrupts of exemptions which are prescribed by the state laws shall not be affected, by section 7(a), being Comp. St. § 9591, the bankrupt is required to make a claim to such exemptions as he may be entitled to, and by section 47 (Comp. St. § 9631) the trustee is required to set the same apart; section 70(a), being Comp. St. § 9654, providing that the title to the property so set apart shall not vest in the trustee. The result of setting apart by the bankrupt court of an exemption is, of course, to hold off all creditors who are parties to the bankruptcy proceeding, just as though the exemption had been made in the state court; but the title to the property set apart remains in the bankrupt and subject to his disposition, unless it is thereafter or at the same time set apart under the state court procedure. This has been long settled in the state of Georgia. Farmer v. Taylor, 56 Ga. 560, and many cases collected in Pincus v. Meinhard, 139 Ga. at page 373, 77 S. E. 82. The Bankruptcy Act contains no reference to a waiver or renunciation of the right of exemption, but from the duty laid upon the bankrupt to state and claim his exemption it is evident that, if none is claimed, the bankrupt court will administer the property, as the sheriff of the state court under like circumstances would sell it. Nothing in the Bankruptcy Act suggests that it would be a violation of its policy for the bankrupt, at any time that he might do so without prejudice to the rights of others, to return to the bankruptcy court for administration the property set apart to him, that it might be paid out upon his debts. The utmost that the bankrupt act provides is that the exemptions allowed by the state law shall not be affected.

[2] We turn, therefore, to the law of Georgia, to see what light it throws upon the right of the bankrupt to surrender property set apart, for administration in the bankrupt court. The scheme of homestead provided by the Georgia law is that the person entitled may claim to the value of $1,600 any sort of property selected by him; an elaborate method of ascertaining and setting it apart by the ordinary being provided. Code, § 3377 and following. Section 3393 provides that, should the head of the family refuse to apply, the beneficiaries might do so. The refusal contemplated, however, is evidently a verbal one, or perhaps mere nonaction, because section 3413 expressly provides that, except as to wearing apparel and $300 worth of household and kitchen furniture and provisions, any debtor may waive or renounce his right to the benefit of the exemption by a writing, either general or specific, stating that he does so waive and renounce the right, and that it may be done in the contract of indebtedness or contemporaneously therewith or subsequently thereto in a separate paper. It has been held that this right of the debtor may be asserted against the will of his family, even after application has been made by them for the setting apart of the homestead in the state court. Jackson v. Parrott, 67 Ga. 210.

[3, 4] The amendment of the schedule here is such a waiver and renouncement in writing as is contemplated by this section, made subsequently, of course, to the contracting of the debts involved. So far

as the rights of the family are concerned, evidently no wrong has been done by the bankrupt. The creditors who are complaining must rest their rights upon the waiver made in their notes. This waiver was not a covenant that the debtor would seek and claim a homestead against all other creditors, and renounce it in favor of those to whom he was giving the waiver. On the contrary, it was a general declaration of renouncement of homestead against the debts made, and that only. If the debtor claims no homestead, he has done these creditors no wrong. He has faithfully adhered to the agreement to waive and renounce his right to a homestead. I do not see that his act in first claiming it and then renouncing it can operate to enlarge the rights of these creditors. It is true that they went to the expense of having a receiver appointed in the meanwhile, but that was in the protection of a situation which might be changed without doing them a legal injury. The referee's conclusion was right. No reason appears, either in the bankrupt law or in the state law, why a debtor may not, at any time prior to the actual setting apart of his homestead by the state courts, or the actual turning of it over to the state court receiver, waive and renounce his right to the same, and invest the bankruptcy court with power to administer it for the benefit of his creditors.

The judgment is therefore affirmed.