HARDIN *v.* KELLY *et al.*

No. 14341.   NOVEMBER 12, 1942.

12

*Alene Hardin* and *Anderson, Anderson & Walker,* for plaintiff. *Warren & Warren,* for defendants.

DUCKWORTH, Justice. The controlling question is the validity or invalidity of the sheriff's deed. If valid, the verdict was demanded. If invalid, a verdict for the defendant was unauthorized. The first ground of assault upon the sheriff's deed is that the description of the land does not follow the description in the levy. The descriptions are identical in all respects, save alone the boundary line between this tract and other adjoining land of the defendant in fi. fa., C. L. Bartlett. The levy fixes this boundary as the west side, whereas the deed fixes it as the southwest side. The exact acreage is stated in both the entry of levy and the deed, and with the other boundaries given the sheriff might have located the line through the defendant's land by marking the same or fixing its distance from the opposite side of the tract; but he chose to rely entirely upon the compass in fixing this line both in the levy and in the deed. There is no data in either that may be used to aid in fixing this line aside from the compass. Therefore, when the entry of levy states that the land levied upon is bounded on the west by other lands of C. L. Bartlett, no variation from an exact west as fixed by the compass can be made; and where the deed and the advertisement fix the side of this tract adjoining other lands of C. L. Bartlett as the southwest side, such description can not be construed to mean the west side. The sheriff chose to rely entirely upon the compass, and by the compass his acts in this respect must stand or fall. It is obvious therefore that the description in the deed does not follow that contained in the levy. For the deed to embrace the acreage called for in both the entry of levy and the deed, it must extend the northwest line and shorten the southeast line fixed by the entry of levy; and if this is done, there would be land embraced in the deed's description which was not embraced

in the levy, and hence was not seized by the sheriff. For a sheriff's deed to be valid, it must follow the levy and must convey only lands described in the levy. *Brown* v. *Moughon,* 70 *Ga.* 756; *Elwell* v. *New England Mortgage Security Co.,* 101 *Ga.* 496 (28 S. E. 833); *Thompson* v. *Tasker,* 134 *Ga.* 80 (2) (67 S. E. 446); *Craddock-Terry Co.* v. *Lazarus,* 180 *Ga.* 552 (179 S. E. 730). While it is true that the greater portion of the land described in the deed was also embraced in the levy, yet it is equally true that there is embraced in the deed some land that was not embraced in the levy; and in this respect this case is similar to *Thompson* v. *Tasker,* supra. There both the levy and the deed embraced lot 82, but the deed embraced other lots; and it was held that the deed was invalid. In 33 C. J. S. 561, § 277, it is said: "A deed purporting to convey property other than that ordered sold by the writ is void." This rule is not rendered inapplicable to the facts in the instant case by the further statement there made that: "But where the identity of the land is certain, a variance between the description in the deed and that in the levy, return, or certificate of sale is immaterial." The identity of the land here involved is not certain. It can be made certain only when the line between this tract and other lands of C. L. Bartlett is made certain. Its identity as fixed by the levy is materially changed when the description contained in the deed is applied. For the reasons stated, the sheriff's deed is void; and being a cloud upon the plaintiff's title, it should be canceled. Kelly's title, being dependent upon the validity of the sheriff's deed, must meet the same fate as that deed. The evidence demands a verdict for the plaintiff, except on the question of accounting, and that matter should be determined by the jury. *Judgment reversed. All the Justices concur.*