32331. LOFTIS *et al.* *v.* FLOWERS.

DECIDED MAY 21, 1949.

*Grant, Wiggins, Grizzard & Smith,* for plaintiffs in error.
*Augustine Sams, Grigsby H. Wotton,* contra.

MacIntyre, P. J. 1. The record of the former suit between the plaintiff and Chamblee-Camp Gordon Water, Light & Power Company was filed *subsequently* to the purchase of the sewer system by the present defendants from Chamblee-Camp Gordon Water, Light & Power Company, and the present defendants were in no way bound by the adjudications in that suit. The defendants are privy in estate only with respect to the estate at the time of their purchase from Chamblee-Camp Gordon Water, Light & Power Company, and, as to acts done, relations formed, or admissions made, after the title had passed out of Chamblee-Camp Gordon Water, Light & Power Company the defendants were in no way bound, nor should evidence of their subsequent acts or admissions be admitted, as they are without probative value. Code, § 38-407; *Garrard* v. *Hull & Tobin,* 92 *Ga.* 787, 789 (20 S. E. 357); *Elwell* v. *New England Mortgage Security Co.,* 101 *Ga.* 496 (2) (28 S. E. 833); *Alderman* v. *Alderman,* 141 *Ga.* 600 (81 S. E. 899); *Blakewood* v. *Yellow Cab Co. of Savannah,* 61 *Ga. App.* 149 (6 S. E. 2d, 126). The court erred in admitting the record of the former suit.

2. In view of what has been held in the foregoing division of this opinion, it was likewise error to allow testimony concerning the outcome of the former suit.

For the reasons stated in the foregoing divisions of the opinion, the court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*