TURMAN v. LOOPER.

PRINCIPAL AND SURETY:   *Usury, etc.*

In a suit by a surety to foreclose a mortgage given by the principal to indemnify him against the note, the principal can not plead usury in the note as a defense to the mortgage, where the surety was not privy to the usurious agreement.

APPEAL from *Scott* Circuit Court.
Hon. WILLIAM WALKER, Circuit Judge.

*S. R. Allen* for appellant.
The notes were usurious and the appellee had notice of the fact, and, under the ruling in *German Bank v. Deshon*, *41 Ark.*, appellant is not liable.

*Clendenning & Sandels* for appellee.
1.   Usury does not avoid the debt in the hands of *National* Bank.
2.   It is a purely personal defense, and if Looper, one of the joint makers, saw fit to pay the debt to the bank prior to any defense of that kind by Turman, he had a perfect right to do so.
*German Bank v. Deshon* has no application here.

SMITH, J. Turman as principal, and Looper and others as his sureties, made to the National Bank of Western Arkansas, five promissory notes, each for $400, and payable at different dates between July 7 and October 7, 1879, with interest from maturity at ten per cent. per annum. To save his sureties harmless, Turman executed to them a mortgage upon lands and other property. He provided for the first note, but neglecting to meet the others, Looper, in order to avoid a lawsuit, paid them to the bank. On July 12, 1881, Turman gave his note to Looper for the interest that had accrued on the $1,600 paid out for him, computed at ten per cent. per annum. But this note is not involved in the present suit.

Upon a bill filed for foreclosure of the mortgage, Looper was met with the defense that the original transaction between Turman and the bank was tainted with usury, and that this infected the counter security given by the principal to his sureties. The court below rendered judgment against the defendant for $1,600, principal and interest, from the twelfth of July, 1881, and decreed a foreclosure and sale of the mortgaged premises.

*USURY: As between principal and surety.*

From the testimony, it appears that the consideration of the notes to the bank was a loan of money. But it does not clearly appear that any usurious interest was included in the notes. Certainly no usury is apparent on the face of the paper. Nor was any separate instrument made for the payment of the excessive interest. If, therefore, there was usury in the transaction, it must have been in the discounting of the paper by the bank. But Turman is not positive that the bank took out any interest in advance, and of course he is not prepared to say that it reserved more than the law allows.

Moreover, Looper was not present when the notes were discounted. He lived in the country and had signed them

at his residence upon the solicitation of Turman. And there is no proof that he was privy to any corrupt agreement between his principal and the bank; although Turman says, in a vague way, that he thinks his sureties understood that he was to pay more than lawful interest for the accommodation.

There is an old case—Robinson against Maybroke, Elizabeth, 588, to this effect: The surety sued the principal upon an obligation to hold the plaintiff harmless from a bond to pay J. S. £100. The defendant pleaded that the bond to J. S. was upon an usurious contract. And his plea was adjudged bad; for he ought to take heed to save his surety harmless, instead of which he has let him pay the debt.

In *Ford v. Keith, 1 Mass., 139,* the surety, who knew not of the usury when he signed the note, but did know it when he paid it, sued the principal for indemnity. And it was held he was entitled to recover unless he had been expressly notified that the principal did not intend to pay the contents of the note, and the plaintiff himself had been forbidden to pay it. The principal might not choose to avail himself of the statute against usury and the surety could not know his uncommunicated intention in that regard.

*German Bank v. Deshon, 41 Ark.,* has been urged upon us, but has no application. This suit is not upon the notes given to the bank, which may or may not have been void as affected with usury. But it is a suit for indemnity, and to recover money laid out and expended for the use of the principal.

Affirmed.