## PATAPSCO GUANO COMPANY *v.* HURST *et al.*

A married woman who acquired for value title to property by deed from her husband and executed a mortgage thereon to her creditor can not, when subsequently to the date of the mortgage the property is levied on as the property of her husband under a judgment rendered on a cause of action arising after the date of the mortgage, by interposing a claim to the property and submitting to a judgment finding the same subject, prejudice in any way the rights of her mortgage creditor or of the purchaser at the sale had under a foreclosure of such mortgage, notwithstanding that such foreclosure and sale was had while the claim case was pending.

Argued October 22, — Decided December 15, 1898.

Levy and claim. Before Judge Sheffield. Randolph superior court. May term, 1898.

*Arthur Hood, Harrison & Bryan* and *J. M. Nealon,* for plaintiff. *William C. Worrill,* for defendants.

COBB, J.   Clark by a deed executed January 5, 1891, and recorded August 7, 1892, purporting to have been made for a valuable consideration, conveyed certain lands to his wife. On August 3, 1892, a mortgage by Mrs. Clark to Hammock & Rush upon the same property was executed and recorded. On October 17, 1893, the Patapsco Guano Company brought suit against Clark upon his promissory note, dated July 14, 1892, and on May 8, 1894, obtained judgment. On January 10, 1895, an execution from this judgment was levied on the property above mentioned, and on January 29, 1895, a claim was interposed by Mrs. Clark. A verdict finding the property subject was rendered in the claim case on November 9, 1896. It does not appear from the record on what ground this verdict was rendered nor upon what evidence it was based. A mortgage fi. fa. issued May 13, 1895, upon the foreclosure of Mrs. Clark's mortgage in favor of Hammock & Rush, was levied, and the property sold thereunder, and a deed was, on October 1, 1895, made by the sheriff to the purchaser, Smith. Smith, on January 13, 1896, conveyed the property bought by him at the sheriff's sale to Hurst and others, who, relying upon the title thus acquired, interposed a claim to the levy of the execution in favor of the Patapsco Guano Company against Clark. The issue made by the claim last referred to was by consent

submitted to the court without the intervention of a jury; and upon the trial the facts appeared as stated above. The court rendered a judgment finding the property not subject, and to this the plaintiff in execution excepted.

The sole contention of the plaintiff in error is that the claimants, who acquired title under the foreclosure of the mortgage dated August 13, 1892, are bound by the judgment in the case in which Mrs. Clark was claimant. We do not think that any one would contend that the lien of the judgment against Clark ever attached to the land title to which was in Mrs. Clark at the date of the judgment, if Mrs. Clark had not interposed a claim. Does the fact that Mrs. Clark, after she had executed the mortgage, saw fit to litigate with the creditor of her husband on the question of title, affect the rights of her mortgage creditor, whose interest in the property accrued long before the beginning of the litigation? We think not. The doctrine of lis pendens is relied on to sustain the contention of the plaintiff in execution. This doctrine can have no application where there is no suit pending at the time the rights of the person sought to be charged attached to the property. It is clear that Hammock & Rush, the mortgagees, were not in any way affected by the litigation between Mrs. Clark and the creditor of her husband, the litigation having arisen after the mortgage was executed. This being the case, the claimants in the present case, who derived their title through a foreclosure sale founded on the mortgage, would stand in the shoes of the mortgagees and would be unaffected by the judgment in the case in which Mrs. Clark was claimant, unless they, or their predecessors in title, have done something which would preclude them from setting up the rights they acquired as successors of the mortgagees. Nothing which would have such effect appears in the record. The case, therefore, must be decided as if Mrs. Clark had not interposed a claim. This being true, but one conclusion can be reached from the present record, and that is, that the property levied on, so far as the mortgagees and those who derived title through the foreclosure of the same are concerned, is the property of Mrs. Clark, and therefore not subject to a judgment lien against Clark growing

· out of a suit against him, not only begun after he had parted with all interest in the property and title to the same had become absolutely vested in her, but also founded on a cause of action against the husband accruing to the creditor after the husband had conveyed the property. And this is true notwithstanding the foreclosure and sale and conveyance by the purchaser at such sale to the present claimants all took place while the case in which Mrs. Clark was claimant was still pending. There was no error in the judgment finding the property not subject. .See *Ruker* v. *Womack*, 55 *Ga.* 399; *Ryan* v. *Mortgage Company*, 96 *Ga.* 322; *Marshall* v. *Charland*, ante, 42; *White* v. *Interstate .B. & L. Association*, ante, 146.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*