## In re TIFFANY.

(District Court, S. D. New York. November 30, 1904.)

1. BANKRUPTCY—LIENS OBTAINED THROUGH LEGAL PROCEEDINGS—SUBJECTING INCOME OF TRUST FUND.

Code Civ. Proc. N. Y. § 1391, as amended by Laws 1903, p. 1071, c. 461, provides that in case of certain trusts the surplus of the income beyond the sum which may be necessary for the education and support of the beneficiary shall be liable in equity to the claims of his creditors in the same manner as other personal property which cannot be reached by an execution at law. *Held*, that a single creditor should not be permitted to acquire a lien on the income of a trust fund of which an alleged bankrupt was beneficiary through proceedings under such statute in a state court, at least unless after an adjudication the trustee should fail to institute proceedings for the benefit of all creditors within a reasonable time, such lien being one obtained through legal proceedings, which if acquired within four months prior to the filing of the petition in bankruptcy would have been rendered void by Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450].

In Bankruptcy.

Elisha W. McGuire, for the motion.
William V. Goldberg, opposed.

HOLT, District Judge. This is a motion by W. & J. Sloane to vacate as to them an injunction restraining creditors from interfering with the property of the bankrupt. By the will of the bankrupt's father a trust fund was created for the benefit of the bankrupt, out of

the income of which $18,000 a year is paid to the bankrupt in weekly installments of $346.16. On May 31, 1904, W. & J. Sloane recovered a judgment against the bankrupt for $5,336.05 for necessaries. An execution was issued thereon on the same day, which has been returned wholly unsatisfied. On October 28, 1904, an order was obtained in the New York Supreme Court by which it was ordered that an execution issue against the income of the trust fund, as provided for in section 1391 of the Code of Civil Procedure, as amended by chapter 461, p. 1071, Laws 1903. Upon such order an execution was issued to the sheriff of New York county, commanding him to satisfy the judgment out of the income payable from the trustees, to an amount equal to 10 per cent. of such income. On the same day a petition in bankruptcy was filed against the alleged bankrupt and a receiver appointed.

The beneficiary of this trust fund has no estate in the income which can be seized upon execution. The trust vests the whole estate in law and in equity in the trustee, subject only to the execution of the trust. By the statutes of New York it is provided that in the case of certain trusts the surplus of the income beyond the sum which may be necessary for the education and support of the beneficiary shall be liable in equity to the claims of his creditors in the same manner as other personal property which cannot be reached by an execution at law. A trustee in bankruptcy may bring a suit to enforce such liability. In Re Baudouine, 3 Am. Bankr. Rep. 651, 656, 101 Fed. 574, 41 C. C. A. 318.

If an adjudication shall be had and a trustee in bankruptcy appointed, the trustee can bring such a suit. If such a suit should result successfully, I think that no one creditor should be permitted to obtain a preference by obtaining a lien on the fund within four months before the bankruptcy. It is claimed that this lien is analogous to a mechanic's lien, which has been held not to be a lien obtained through legal proceedings, within the meaning of section 67f of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]. But I think that this lien is one obtained through legal proceedings, namely, by issuing the execution pursuant to the special order obtained.

My conclusion is that this motion should be denied, with leave to renew it if the trustee does not institute any proceedings to reach the trust fund for the benefit of creditors within 30 days after his appointment and qualification, or if he brings such proceedings and it is held in them that he is not entitled to recover.