J. R. BOWMAN, *Appellant,* v. E. S. AREY, *Appellee.*

Upon appeal from a temporary restraining order granted on notice, the equities of the bill not being finally passed upon, when the contract breached prima facie justifies the order, the appellate court need not go into minute critical examination to see if some portion of the contract be invalid.

This case was decided by Division A.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay,* for Appellant;

*H. C. Gordon* and *V. H. Knight,* for Appellee.

COCKRELL, J.—This is an appeal from an order granting a temporary injunction, after full notice and conditioned upon the giving of a bond.

It appears that in January, 1911, Bowman sold out to Arey his "Tailoring and Gents' Furnishings" business in the City of Tampa for one thousand dollars, together with the good will of the business and in the contract of sale stipulated that he would not at any time within five years engage directly or indirectly, either as agent, principal, servant or otherwise, in carrying on, conducting or

being interested in the said business of 'Tailoring and Gents' Furnishings' in Tampa, and further included in the sale the exclusive right to use his name; notwithstanding this contract within a few months thereafter the said Bowman opened business in said city under the name of "Bowman, the Tailor." Bowman answered among other things that his present business was not strictly speaking tailoring, but that he had samples to show customers, that he did the measuring, sending the orders to the large cities in the north to be made up, and upon receipt, delivering them to his customer.

The temporary restraining order goes only to conducting directly or indirectly a tailoring or gents' furnishing business in Tampa, or advertising a place of business so conducted until the further order of the court, and from entering into further contract, directly or indirectly, or as the agent of another person to furnish clothing manufactured by him or made by him as a tailor or under his direction. The injunction, however, permits him to complete the orders on hand.

We think the contract *prima facie* justifies the restraining order, and that we need not now go into a minute critical examination to see if there be not some possible invalidity in some portion of the contract. The court was not required to pass finally upon the equities of the bill nor to rule upon the demurrer incorporated in the answer. A final hearing has not been reached nor has the demurrer been set down for hearing.

The order is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.