## DE WATTEVILLE et al. v. SIMS.

No. 3005.   Opinion Filed December 8, 1914.

On Rehearing, January 30, 1915.

(146 Pac. 224.)

1.   **MORTGAGES—Foreclosure—Parties.**   In the absence of exceptional facts, which the plaintiff should allege, the only proper parties defendant in a suit to foreclose a mortgage are the mortgagor and those who have an inferior interest in the mortgaged property acquired from him subsequent to the execution of the mortgage.

2.   **SAME—Petition—Construction.**   A petition which alleges that certain defendants in a suit to foreclose a mortgage are parties who have acquired by various conveyances, and who are asserting ownership of some subsequent, subjective, and inferior interest in the mortgaged property, the exact nature of which is to the plaintiff unknown, without demanding a disclosure of such interest or stating any other ground for including such defendants in the action, will be construed, as against the petitioner, as alleging that such interest is a species of title extending to all the property and derived from the mortgagor since the execution of the mortgage.

3. ‏  **SAME—General Denial—Construction.**   An unqualified denial by defendants, who are strangers to a mortgage in a suit for foreclosure, will ordinarily, in the absence of any other ground of defense, be construed as a disclaimer, and warrant judgment accordingly against them.

4.   **SAME—Answer—Construction—Disclaimer.**   An answer, to be construed as a disclaimer of interest in mortgaged property in a suit for foreclosure, must express an unequivocal intent to disclaim; and a general denial of each and every material allegation of the petition not specifically admitted in the answer of defendant strangers to the mortgage, followed by the pleas of **res judicata,** which require the aid of the petition to show a defensible interest in the property and to make such pleas sufficient in this respect, will not be construed as a disclaimer, where the petition does not demand of such defendants a disclosure of their interest in the property, but alleges that they have a subsequently acquired and inferior interest therein derived from the mortgagor.

5.   **JUDGMENT—Conclusiveness—Codefendants—Issues.**   As    a general rule, a judgment settles nothing between coplaintiffs or codefendants unless their conflicting or hostile claims were brought into issue, as by cross-petition or separate and ad·

verse answers or otherwise, and were thereupon actually litigated and adjudicated.

6. SAME—Res Judicata—Foreclosure. A judgment foreclosing a materialman's lien against a number of defendants, including a holder of a mortgage lien, who does not set up his mortgage in that action, will not preclude the latter from foreclosing his mortgage, as against his codefendants in the first foreclosure, who acquired no interest in the property under or by reason of such first foreclosure; and whose conflicting or hostile claims against said mortgage were not in issue nor litigated in the first foreclosure, and it was not error to reject the offer of such judgment by such former codefendants as **res judicata** in this subsequent action by the mortgagee to foreclose his mortgage against them.

7. SAME—Parties. A person who would not have been bound by a judgment against the party in whose favor it was rendered cannot, as a general rule, avail himself of such judgment as **res judicata,** as such judgment is ordinarily wanting in the requisite mutuality of effect upon the person pleading and the person against whom it is pleaded.

8. SAME—Purchaser. A person purchasing land is ordinarily not bound by a judgment against his grantor in an action commenced subsequent to his purchase, and to which he was not a party, and ordinarily cannot avail himself of such subsequent judgment in favor of his grantor as **res judicata,** because the same is wanting in mutuality.

9. BANKRUPTCY—Res Judicata—Disallowance of Claim—Usury. A judgment disallowing a claim in bankruptcy as void because of usury ordinarily determines an issue purely personal to the parties thereto, and, the determination of such personal issue being binding upon everybody to the extent of its purely personal character, a prior purchaser of land from the claimed may, in a subsequent action, by the claimant upon said claim and to foreclose a securing mortgage antedating such purchase upon said land, plead such judgment disallowing such claim as having the requisite mutuality to constitute **res judicata.**

10. JUDGMENT—Res Judicata—Purchaser—Usury. Ordinarily, privies in estate with a mortgagor by subsequent purchase of the mortgaged property may, in protection of their interests therein, make any impersonal defense the mortgagor might have made if he had continued the owner; and the defense of **res judicata** as to the validity of the mortgage debt in respect to usury is not personal to the mortgagor, and his privies under such judgment, but is available to his privies in the estate by purchase prior to such judgment.

11. SAME—Plea. As a general rule, until entered, a judgment will not support a plea of **res judicata.**

12.   **SAME—"Entry of Judgment."**  An entry of judgment ordi-
narily consists of the ministerial act of recording the same in
the proper book of judgment.

13.   **SAME—What Constitutes—Plea of Res Judicata.**  A mere
memorandum opinion of a judge which does not purport to be,
and has not been entered as, a judgment, is not a "judgment"
pleadable in **res judicata.**

## ON REHEARING.

14.   **BANKRUPTCY—Adjudication by Referee—Petition for Re-
view—Supersedeas.**  A petition to a judge of a District Court
of the United States for a review of a finding and adjudication,
by a referee of such court, of a claim in bankruptcy, does not
**ipso facto** operate as a supersedeas of such adjudication.

15.   **SAME—Claims—Plea of Res Judicata.**  It is not necessary
that a referee's adjudication of a claim in bankruptcy, shown
by his certificate on file in the case, should be formally entered
in a book of judgments to be admissible as **res judicata.**

16.   **PLEADING—Objection—Admission of Evidence.**  An objection
to the admission of evidence which questions the sufficiency of
a pleading not otherwise attacked to state a cause of action or
a ground of defense is not favored, and (although the pleading
may be incomplete, indefinite, or state a mere conclusion of
law in some particular) such objection should ordinarily be
overruled unless such pleading, aided as it may be by the
pleadings of the opposite party, totally fails to allege some es-
sential fact.

(Syllabus by Thacker, C.)

Action by B. C. Sims against Charles De Watteville and
others on a note to foreclose a mortgage lien. Judgment for
plaintiff and defendants bring error. Reversed and remanded
on rehearing.

*E. G. Wilson* and *Samuel Feller (F. W. Casner,* of coun-
sel), for plaintiffs in error.

*W. W. Wood* and *Gibson & Thurman,* for defendant in er-
ror.

Opinion by THACKER, C. Plaintiffs in error will be des-
ignated as defendants, (except when Charles and Mary De
Watteville, against whom judgment was taken by default, may
be designated as mortgagors, or the other plaintiffs in error,
who were not parties to the note or mortgage, may be desig-
nated as resisting defendants), and the defendant in error will

be designated as plaintiff, in accord with their respective titles in the trial court. The essential facts, when not stated, are necessarily presupposed by this opinion, and will therefore be understood.

In the absence of exceptional facts—such as the invalidity or loss of the superior position of a senior lien, a cause and purpose to adjudicate the rank of senior claims or to liquidate them from the proceeds of the foreclosure sale, or a cause and purpose to litigate adverse and paramount title, as in an action to quiet title under section 4491, St. 1893 (section 4927, Rev. Laws 1910), or of ejectment under section 4492, St. Okla. 1893 (section 4928, Rev. Laws 1910), in respect to which see *Bradley v. Parkhurst*, 20 Kan. 462; *Nooner v. Short*, 20 Kan. 624; *Fisher v. Cowles*, 441 Kan. 18, 21 Pac. 228; *Provident Loan & Trust Co. v. Marks*, 59 Kan. 230, 52 Pac. 449, 68 Am. St. Rep. 349— which the plaintiff should allege, the only proper parties defendant in a suit to foreclose a mortgage are the mortgagor and those who have an inferior interest in the mortgaged property, as when acquired from him subsequently to the mortgage (2 Jones on Mortgages [6th Ed.] 1440; 1 Wiltsie on Mortgage Foreclosure, sec. 482; 27 Cyc. 1576-1578; and 68 Am. St. Rep. 349, editorial note to *Provident Loan & Trust Co. v. Marks, supra*); and the petition in the present case (which alleges that said resisting defendants are parties who have acquired by various conveyances, and who are asserting ownership of some subsequent, subjective, and inferior interest in the mortgaged property, "the exact nature of which is to the plaintiff unknown," without demanding a disclosure of such interests) will be construed, as against the plaintiff, who was under the burden of showing the grounds upon which he might properly make these resisting defendants parties, as alleging that such interest is a species of title extending to all the property and derived from the mortgagor since the execution of the mortgage.

Although an unqualified general denial by parties defendant who are strangers to the mortgage would, standing alone, be

construed as a disclaimer and warrant judgment against them accordingly *(Blandin v. Wade,* 20 Kan. [2d Ed.] 251), inconsistent defenses not expressly prohibited by statute are permissible in our practice *(Covington v. Fisher,* 22 Okla. 207, 97 Pac. 615), and the denial of these resisting defendants of "each and every material allegation of said petition not herein specifically admitted," followed by two distinct pleas of *res judicata* (although these pleas are only sufficient by the aid of plaintiff's petition to show that these defendants have such interest in the property as entitles them to make such defense, notwithstanding in such pleas it is alleged that plaintiff's mortgage is a cloud upon their title and cancellation is prayed), excludes the idea that these defendants intended to disclaim interest by their denial.

And an answer, to be construed as a disclaimer, must express an unequivocal intent to disclaim. 31 Cyc. 130.

It follows that the pleadings show a sufficient property interest in these resisting defendants to entitle them to make the defense of *res judicata,* if otherwise so entitled; and this brings us to the question of the admissibility of the evidence offered by the trial court upon other grounds involving the questions hereinafter discussed.

As a general rule, a judgment settles nothing between coplaintiffs or codefendants unless their conflicting or hostile claims were brought into issue, as by cross-petition or by separate and adverse answer, or otherwise, and were thereupon actually litigated and adjudicated (23 Cyc. 1279, 1280), although *City of El Reno et al. v. Cleveland Trinidad Paving Co.,* 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650 (where the public character of the action affected the scope of the issues and the question of *res judicata,* and differentiates that from the present case), is a case in which the plea of *res judicata* was sustained notwithstanding the question between the codefendants in the former action was not raised by any pleading between them,

and but for such differentiation would seem to hold to the contrary; and it was therefore not error in the present case to refuse these resisting defendants' offer to prove that in a prior action by the Minnetonka Lumber Company against all the parties to the present action and others as codefendants, to foreclose a materialman's lien for $225, there was a judgment in favor of said Minnetonka Lumber Company against plaintiff's present claim of mortgage lien, which he suffered without setting up his mortgage; these resisting defendants having acquired no right under that judgment, and being in no wise in privity with the Minnetonka Lumber Company.

A more serious question is presented in the refusal of the trial court to permit these resisting defendants to introduce, as evidence of *res judicata,* the copies of certain files and records in the District Court of the United States for the Western Division of the Western District of Missouri, purporting to show that Charles De Watteville was therein adjudged a bankrupt on May 18, 1906; the plaintiff in the present case filed claim on said note and mortgage against the estate of said bankrupt in said federal court on November 29, 1906; that said claim was held void for usury under the laws then applicable in the Indian Territory, and disallowed by the referee in bankruptcy on April 1, 1907; that upon a petition for review by the judge of said federal court the latter filed a memorandum opinion on August 28, 1907, overruling the exceptions to the findings of the referee as to such claim, but disapproving his disallowance of and directing him to allow another claim of the plaintiff against the said estate of the bankrupt for $1,000, embraced in the same petition for review and upon which the plaintiff received and accepted a division of $300 on Oct. 5, 1908.

There is a disputed question as to whether these resisting defendants purchased the mortgaged property, as plaintiff asserts, prior to the alleged adjudication in bankruptcy (which we deem it unnecessary to examine or determine); and, predicated upon the asserted priority of purchase, the plaintiff con-

tends that the alleged judgment therein is not available to these resisting defendants (all but one of whom, it is said, were not parties to such adjudication) for want of the requisite mutuality in its effect upon the parties to the present action; it being a general rule that a judgment in an action commenced subsequently to a purchase of real estate is not binding upon the purchasers not parties thereto (23 Cyc. 1253; 2 Black on Judgments [2d Ed.] 158, 159; *Dull v. Blackman,* 169 U. S. 243, 18 Sup. Ct. 333, 42 L. Ed. 733; *Smith v. Kernochen,* 7 How. 198, 12 L. Ed. 666; *Carroll v. Goldschmidt,* 83 Fed. 508, 27 C. C. A. 566; *Campbell v. Hall,* 16 N. Y. 575; *Southern Bank & Trust Co. v. Folsom,* 75 Fed. 929, 21 C. C. A. 568; *Cook v. Lasher,* 73 Fed. 701, 19 C. C. A. 654; *Central Nat. Bank of Boston v. Hazard* [C. C.] 30 Fed. 484; *Satterlee v. Bliss,* 36 Cal. 489; *Patapsco Guano Co. v. Hurst,* 106 Ga. 184, 32 S. E. 136; *Elwell v. New Eng. Mtg. Co.,* 101 Ga. 496, 28 S. E. 833; *Hargrave v. Houton,* 109 La. 533, 33 South. 590; *Hodge v. Hodge,* 56 S. C. 263, 34 S. E. 517; *Bensimer v. Fell,* 35 W. Va. 15, 12 S. E. 1078, 29 Am. St. Rep. 774; *Minnesota Debenture Co. v. Johnson,* 94 Minn. 150, 102 N. W. 381, 110 Am. St. Rep. 354), and that a judgment which is not binding upon a party is not pleadable as *res judicata* by him (23 Cyc. 1238; 2 Black on Judgments [2d Ed.] sec. 548; *Brooklyn City & H. R. Ry. Co. v. National Bank of Republic,* 102 U. S. 14, 26 L. Ed. 61; *Keokuk & W. R. Co. v. State of Missouri,* 152 U. S. 301, 14 Sup. Ct. 592, 38 L. Ed. 450; *Keokuk & W. R. Co. v. County Court,* 152 U. S. 318, 14 Sup. Ct. 605, 38 L. Ed. 457; *Garrard v. Hull,* 92 Ga. 787, 20 S. E. 357); a test of mutuality being found in inquiring whether the judgment would have been binding on the party urging it as *res judicata* if it had been against him or the party favored by it.

As a general rule, and so far as appears in this case, the defense of usury is personal to the debtor *(Higbee v. Aetna Building & Loan Ass'n,* 26 Okla. 327, 109 Pac. 236, Ann. Cas. 1912B, 223, with notes; *Harper v. Middle States Loan, Building & Construction Co.,* 55 W. Va. 149, 46 S. E. 817, 2 Ann.

Cas. 46, with notes; *Stuckey v. Middle States Loan, Building & Construction Co.,* 61 W. Va. 74, 55 S. E. 996, 8 L. R. A. [N. S.] 814, 123 Am. St. Rep. 977, with notes; *Turman v. Looper,* 42 Ark. 500; *Ford v. Hancock,* 36 Ark. 248; *Pickett et al. v. Merchants' National Bank of Memphis et al.,* 32 Ark. 346; but, as to exceptions to rule, see 29 Cyc. 1062-1069; *First Nat. Bank of Atwood v. Drew,* 226 Ill. 622, 80 N. E. 1082, 10 L. R. A. [N. S.] 857, 117 Am. St. Rep. 271) ; and, if these resisting defendants had been parties to the bankruptcy adjudication, they could not have been heard as to the validity of the claim in respect to usury, in the absence of exceptional facts, which do not appear.

Assuming for the purpose of discussion that the alleged adjudication in bankruptcy was subsequent to the purchase of these resisting defendants, it would seem that such purely personal judgment, determinative of the purely personal issue as to whether one of the parties thereto is indebted to the other, and denying the claim of debt upon the purely personal ground that such debt is void for usury, is mutually binding, not only upon and between the immediate parties thereto and their immediate privies therein, but between the creditor and any owner of the mortgaged property by purchase subsequent to the mortgage, to the extent of its purely personal character so as to *prima facie* entitle these resisting defendants to plead it in the present action as *res judicata* if such plea is otherwise sufficient and available.

The mere fact that the issue upon which a mortgage debt is adjudged void in an action between the creditor and the mortgagor was, under the apparent facts in this case, purely personal to the mortgage debtor, does not, after such adjudication, render a plea of such determination as *res judicata* personal to such debtor, but extinguishes the debt, and the same is available to his privy in estate by purchase of the property subsequent to the execution of the mortgage, without regard to whether such adjudication was prior or subsequent to such purchase.

Ordinarily, privies in estate with a mortgagor by subsequent

purchase of the mortgaged property may, in protection of their interest therein, make any impersonal defense the mortgagor might have made if he had continued the owner. *Brunswick Realty Co. v. University I. & G. Co.* (Utah) 134 Pac. 608, citing *Crawford v. Nimmons,* 180 Ill. 143, 54 N. E. 209. Also see 27 Cyc. 1553, 1554; 13 Am. & Eng. Enc. L. (2d Ed.) 810-820; Wiltsie on Mortgage Foreclosure (3d Ed.) secs. 385, 401; 2 Jones on Mortgages, 1490.

An adjudication of a claim in bankruptcy is pleadable as *res judicata* in another court. Remington on Bankruptcy, 791, 1771; Black on Bankruptcy, secs. 65-76; *Elmore, Quillian & Co. v. Henderson- Mizell Mercantile Co.,* 179 Ala. 548, 60 South. 820, 43 L. R. A. (N. S.) 950, with notes.

But do these rejected copies show any judgment which was pleadable as *res judicata?* It appears that a mere memorandum opinion of a court is not a judgment. *Rush v. Lake,* 122 Fed. 561, 58 C. C. A. 447; *In re Elkind et al.,* 175 Fed. 64, 99 C. C. A. 86; *John Ii Estate, Limited, et al. v. Brown et al.,* 201 Fed. 224, 119 C. C. A. 458. Also see *Oklahoma City v. McMaster,* 196 U. S. 529, 25 Sup. Ct. 324, 49 L. Ed. 587, reversing judgment in 12 Okla. 570, 73 Pac. 1012; *Flanagan v. Lazarine,* 175 Mo. App. 188, 157 S. W. 824; *Cow Bayou Canal Co. v. Orange County* (Tex. Civ. App. ) 158 S. W. 173; *Wilson v. Hubbard,* 39 Wash. 671, 82 Pac. 154; *Kashman v. Parsons,* 70 Conn. 295, 39 Atl. 179; *Bennett Water Co. v. Borough of Millvale,* 200 Pa. 613, 50 Atl. 155, affirmed on rehearing 202 Pa. 616, 51 Atl. 1098.

As a general rule, until entered, a judgment will not support a plea of *res judicata.* 23 Cyc. 836, 837, and cases cited in notes, including the following: *Horn v. Metzger,* 234 Ill. 240, 84 N. E. 893; *In re Borg* (D. C.) 184 Fed. 640; also 1 Black on Judgments (2d Ed.) sec. 106, p. 151; 4 and 5 Wigmore on Evidence, sec. 2450; 3 Jones' Commentaries on Evidence, sec. 620; *Plant v. Gunn,* 19 Fed. Cas. 800, 803; *Evans v. Adams,* 15 N. J. Law (3 J. S. Green) 373, 380.

The entry of judgment ordinarily consists of the ministerial act of spreading the same upon the proper judgment record or writing it at large in the book of judgments.   23 Cyc. 836; 1 Seton's Judgments & Orders, 186; 1 Black on Judgments, 110.

It does not appear that either the certificate of the referee's adjudication of plaintiff's claim to be void, which adjudication was apparently suspended by petition to the federal judge for review, or the "memorandum opinion" of such judge overruling the exceptions presented by such petition, were entered as a judgment in the judgment book; and it thus appears that there is neither evidence of a final judgment by the referee in the first instance nor by the judge of the court upon the review of same.

There is, we think, nothing to show that copies offered are from any book of judgments; they are, probably, copies of papers on file in the case, and the entered judgment, if any, may be different.

For the reasons stated, the judgment of the trial court should be affirmed.

## On Rehearing.

It now appears that, under the practice in bankruptcy cases, the referee's adjudication that plaintiff's claim was void for usury was not superseded by the petition to the judge for review; and it seems that the finding of the referee should be held to be a judgment, and final, unless set aside upon review by the judge, or appealed, at least in the absence of an order which could operate as a supersedeas.   There is error in the former opinion on this point.   As to this see 1 Remington on Bankruptcy, sec. 1772, p. 1077; *In re Home Discount Co.* (D. C.) 147 Fed. 538, 17 Am. Bankr. Rep. 168.

It further appears at this time that it was not necessary to the finality and effectiveness of such adjudication (shown by the certificate of the referee on file in the bankruptcy case)

to support a plea of *res judicata* that the referee's order should have been entered in some manner in some book of judgments; and there is error in the former opinion on this point. As to this, and as to the effect of such adjudications in general, see Collier on Bankruptcy (9th Ed.) 622; *Id.*, 448 (subdivision "d" of section 21 of the national Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1913, sec. 9605]); *Id.*, 462; 1 Remington on Bankruptcy, sec. 1086, p. 615; *Henderson v. Denious,* 186 Fed. 100, 108 C. C. A. 212, 26 Am. Bankr. Rep. 226; *McMahon v. Pithan* (Iowa) 147 N. W. 920, 33 Am. Bankr. Rep. 125; *In re Dempster,* 172 Fed. 355, 97 C. C. A. 51, 22 Am. Bankr. Rep. 751; *Evans v. Rounsaville,* 115 a. 684, 42 S. E. 100, 8 Ab. Bankr. Rep. 236; *Smalley v. Laugenour,* 196 U. S. 93, 25 Sup. Ct. 216, 49 L. Ed. 400, 13 Am. Bankr. Rep. 692; *In re Tiffany* (D. C.) 133 Fed. 799, 17 Am. Bankr. Rep. 296; *In re Skinner* (D. C.) 97 Fed. 190, 3 Am. Bankr. Rep. 163; *Clendening v. Red River Valley Nat. Bank,* 12 N. D. 51, 94 N. W. 901, 11 Am. Bankr. Rep. 245; *Whitney as Trustee v. Wenman,* 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157, 14 Am. Bankr. Rep. 45; *In re Granite City Bank,* 137 Fed. 818, 70 C. C. A. 316, 14 Am. Bankr. Rep. 404; *Thomas v. Woods,* 173 Fed. 585, 97 C. C. A. 535, 26 L. R. A. (N. S.) 1180; 19 Ann. Cas. 1080, 23 Am. Bankr. Rep. 132; *In re Hargadine-McKittrick Dry Goods Co.,* 122 Fed. 232, 58 C. C. A. 596, 10 Am. Bankr. Rep. 225; *Hull v. Burr,* 62 Fla. 440, 57 South, 616; *Id.,* 64 Fla. 83, 59 South. 787, 28 Am. aBnkr. Rep. 837; *Slaughter v. L. & N. Ry Co.,* 125 Tenn. 292, 143 S. W. 603, 27 Am. Bankr. Rep. 570.

The case of *Walker et al. v. McKemie, ante,* 145 Pac. 359, is in harmony with, and perhaps tends to support, the foregoing view.

In all other respects, we think there should be adherence to the views expressed in the former opinion. In this connection it may be observed that E. T. Browning was a party to the bankruptcy proceedings. He was the petitioning creditor who caused Charles De Watteville to be adjudged a bankrupt. And

'this seems to show an additional reason for holding the adjudication there mutual in binding effect upon the plaintiff and E. T. Browning, although we do not mean to intimate any such reason is necessary to sustain the conclusion reached in the former opinion as to the right of the defendants to plead that adjudication as against the plaintiff's action here.

As strengthening the view expressed in the former opinion as to the sufficiency of the pleadings, not otherwise attacked, to show such an interest in the property as entitles the defendants to prove a former adjudication, we direct attention to the case of *First Bank of Texola v. Terrell, post,* 145 Pac. 1140, in which it is shown that an objection to evidence upon the ground that pleadings not otherwise attacked are not sufficient to state a cause of action or ground of defense is not favored, and, "unless there is a total failure to allege some matters essential to the relief sought,  *  *  *  should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law."

By the Court:   It is so ordered.