## IN THE MATTER OF AMENDMENTS TO RULES 1 AND 10.

November 26th, 1882.

Review of the legislation and practice of the court relating to taxation of the clerk's fees for printed copies of records. Change in rules announced.

Mr. Chief Justice Waite.

Our attention has been called to the practice which prevails in the clerk's office of sending original records to the printer to be printed, and of taxing in the bills of costs a fee for one manuscript copy of the record, when no such copy is in fact made.

On investigation we find that the statute regulating the fees of the clerk was passed in 1799, and that under this statute a table of fees was prepared, many years ago, by or under the direction of the court, which has been followed by the clerk in the taxation of costs ever since. No provision was made, by rule or otherwise, for printing the records, until January term, 1831. Before that time the practice was, as we are informed, for the court to use the original record, and the clerk made two manuscript copies for the use of the parties. For these copies he charged the parties according to the established table of fees. At January term, 1831, the attorney-general, in behalf of the United States, applied to the court for leave to take the

original records in certain cases from the clerk's office to be printed, at the same time remarking that he had been informed that in such cases it had been the habit of the clerk to charge half fees. Chief Justice Marshall, speaking for the court, stated "that the clerk of this court had certain rights and fees of office (of which a fee for a copy of the record was one), which this court was not disposed to violate; and that the party could not withdraw the records without paying for the copies, but that any arrangement which the clerk saw proper to make would be satisfactory to the court." The original records in these cases were afterwards taken to the printer and printed, and the clerk charged and was paid full fees for one manuscript copy.

At the same term the first rule for printing the records was adopted, which provided for the taxation of the fees for one manuscript copy of the record in the bill of costs. When this rule was promulgated the court consisted of Chief Justice Marshall and Associate Justices Johnson, Story, Thompson, McLean, and Baldwin. Mr. Justice Baldwin dissented on this provision of the rule, for the reason, among others, that it allowed the clerk a fee for a copy whether one was made or not.

Under the rule thus adopted the printing of records began, and from the first the original records were sent to the printer, and a fee for one manuscript copy was charged in the costs, when in fact no copies were made. There is abundant evidence that at the outset this practice was directly or indirectly approved by the court. In 1839, the House of Representatives instructed the Judiciary Committee to "inquire what costs are charged against the United States for printed copies of records of suits pending in the Supreme Court which have been printed at the expense of the United States, . . . . and whether any legislation is necessary in relation to costs of suits in said court." The committee reported, submitting a statement of the clerk on the subject, and were discharged. From this statement of the clerk, and from other evidence on file, we are satisfied the committee, or some of its members, visited the office during the progress of their inquiries, and possessed

themselves fully of the mode of doing the business and of the compensation therefor.

In 1859, the rules were revised by Chief Justice Taney under the direction of the court, and the provision for printing the records was put into the form in which it now appears in paragraphs 2, 3, 4, and 5 of Rule 10. We are advised that prior to the death of Chief Justice Taney no manuscript copies of the records were ever made, and that the fee for one copy was always charged in the costs. Since the death of Chief Justice Taney, copies have in some cases been made. The present clerk has followed the practice of his predecessors.

We are entirely satisfied that the practice, as it now exists, is in all material respects what it has been for more than fifty years, and that at the beginning it received the approval of the court. No one now on the bench ever heard of any complaint or of any application for a retaxation of costs, on account of what was done, until late in the last term, when a motion for retaxation was made in the case of *James* v. *Campbell.*

There is an apparent conflict between the rules and the practice under them which ought not to exist. It is also evident that what was fifty years ago no more than a reasonable compensation for the important services of the clerk is now, under the operation of the rules as then construed and the practice then inaugurated, larger than it ought to be. To prevent misunderstandings in the future and to reduce the expenses of litigants without doing injustice to the clerk, it is ordered—

I. That the second clause of Rule 1 be amended so that it will read as follows:

The clerk shall not permit any original record or paper to be taken from the court room, or from the office, without an order from the court; but records on appeals and writs of error, exclusive of original papers sent up therewith, may be taken to a printer to be printed, under the requirements of Rule 10.

II. That paragraphs 3, 4, 5, and 6 of Rule 10, be rescinded, and the following adopted in lieu thereof:

3. The clerk shall take to the printer the original record in the office, except in cases prohibited by the rules. When the

original cannot be taken, he shall furnish the printer with a manuscript copy. He shall supervise the printing, and see that the printed copy is properly indexed. He shall take care of and distribute the printed copies to the judges, the reporter, and parties, from time to time, as required.

4. In cases where a manuscript copy of the record is not furnished the printer, the fee of the clerk for his service under the last preceding paragraph shall be one-half the rates now allowed by law for making a manuscript copy, and that shall be charged to the party bringing the cause into court, unless the court shall otherwise direct. When a manuscript copy is required to be made, full fees for a copy may be charged, but nothing in addition for the other services required.

5. In all cases the clerk shall deliver a copy of the printed record to each party without extra charge. In cases of dismissal, reversal, or affirmance, with costs, the fee allowed in the last paragraph shall be taxed against the party against whom the costs are given. In cases of dismissal for want of jurisdiction, such fees shall be taxed against the party bringing the cause into court, unless the court shall otherwise direct.