## In re SKINNER.

(District Court, N. D. Iowa, W. D.    October 30, 1899.)

**1. BANKRUPTCY—OPPOSITION TO DISCHARGE—CONCEALMENT OF ASSETS.**

Where a debtor, within four months prior to filing his petition in bankruptcy, transfers real and personal property to his wife, without consideration, and with intent to defraud his creditors, and then states in his schedule that he has no property of any kind, he is guilty of knowingly and fraudulently concealing from his trustee property belonging to his estate in bankruptcy, and is not entitled to be discharged.

**2. SAME—EVIDENCE—JUDGMENT OF STATE COURT.**

A judgment rendered by a state court in a suit to which the bankrupt, his wife, and the trustee, as the representative of creditors, were all parties, finding that a conveyance of property by the bankrupt to his wife was fraudulent as to creditors, and should be set aside, and the property transferred to the trustee, is conclusive evidence of the points decided, on the bankrupt's subsequent application for discharge, opposed by creditors on the ground of such fraudulent conveyance as a concealment of assets.

In Bankruptcy. Submitted on bankrupt's petition for discharge and the objections filed thereto on behalf of creditors.

Lewis & Beardsley, for bankrupt.

R. H. Brown, Wm. Milchrist, J. H. Quick, and John R. Carter, for creditors.

SHIRAS, District Judge. From the record in this case it appears that on the 1st day of March, 1899, Dwight H. Skinner was, on his own petition, adjudged a bankrupt by the referee of Woodbury county, and P. A. Sawyer was appointed trustee of his estate. In due season a petition for discharge was filed by the bankrupt, to which objections on behalf of several of his creditors were interposed, alleging, in substance, that within four months preceding the filing of the petition for an adjudication the bankrupt, with intent to defraud his creditors, and for the purpose of fraudulently concealing his property, had conveyed, and had caused to be conveyed, through the agency of third parties, a large amount of property, consisting of real estate and of shares of the capital stock of the Interstate Investment Company, to his wife, and had purposely omitted to set forth his interest in and ownership of this property in the schedules by him filed as part of his petition in bankruptcy. It further appears in evidence that the trustee, P. A. Sawyer, intervened in a suit in equity pending in the district court of Woodbury county, Iowa, entitled "J. G. Shumaker vs. W. N. Davidson et al.," to which suit Dwight H. Skinner, the bankrupt, was a party, and in this suit the trustee set up the alleged fraudulent transfers of property made by the bankrupt, and upon the hearing of this suit it was adjudged by the court that in January, 1899, the bankrupt, in fraud of his creditors, and without consideration, had caused to be conveyed to his

wife 200 shares of the capital stock of the investment company, and that this conveyance should be set aside, and the shares should be conveyed to the trustee as part of the estate of the bankrupt. It was also adjudged that the trustee was entitled to the sum of $3,200, a balance due from J. G. Shumaker upon a purchase made by him of certain realty belonging to the bankrupt, it being held that Shumaker was a purchaser in good faith, and therefore entitled to hold the realty as against the trustee; but that the amount remaining unpaid of the purchase price belonged to the estate of the bankrupt, and must be paid to the trustee. In these proceedings the bankrupt, his wife, and the trustee, representing the creditors, were parties, and the decree must be held binding upon them, and to be conclusive upon the vital question litigated, to wit, whether the transfer to the wife of the property of the bankrupt were or were not fraudulent as to his creditors. Thus, in Southern Pac. R. Co. v. U. S., 168 U. S. 1–48, 18 Sup. Ct. 27, it is said that:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in first suit remains unmodified."

It having, therefore, been conclusively determined in a suit between the bankrupt and his creditors, represented by the trustee, that the bankrupt had conveyed to his wife, without consideration, and with intent to defraud his creditors, property to a large amount, and it appearing from the record in this case that when the bankrupt filed his petition and schedules he stated that he had no property of any kind, except a possible equity of redemption in 1,440 head of sheep mortgaged to a named creditor, the court is justified in finding that the bankrupt has knowingly and fraudulently concealed from his trustee property to a large amount, which in fact forms part of his estate, and therefore, under the provisions of sections 14 and 29 of the bankrupt act, the petitioner is not entitled to a discharge. Judgment accordingly.