### SOUTHERN PAC. R. CO. et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1909.)

#### No. 1,492.

PUBLIC LANDS (§ 88*) — RAILROAD GRANTS — INDEMNITY LANDS—CONFLICTING GRANTS—EFFECT OF FORFEITURE.

None of the lands within either the primary or indemnity limits of the grant made to the Atlantic & Pacific Railroad Company in California by Act July 27, 1866, c. 278, 14 Stat. 292, were subject to selection as indemnity lands by the Southern Pacific Railroad Company under the grant made to it by Act March 3, 1871, c. 122, 16 Stat. 573, although within the indemnity limits of such grant, even after the former grant had been forfeited and the lands restored to the public domain by Act July 6, 1886, c. 637, 24 Stat. 123.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 267, 268; Dec. Dig. § 88.*]

---

·For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Southern District of California.

For opinion below, see 152 Fed. 314.

Wm. Singer, Jr., and Wm. F. Herrin, for appellants.

Robt. T. Devlin, U. S. Atty., and Geo. Clerk, Asst. U. S. Atty.

Before GILBERT and MORROW, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This is an appeal by the defendants from a decree of the Circuit Court, Southern district of California, annulling a patent issued by the United States to the defendant Southern Pacific Railroad Company for certain lands in the state of California.

The bill of complaint alleges, and the agreed statement of facts shows, that part of the land so patented is situated within the primary and part within the indemnity limits of the grant of land made to the Atlantic & Pacific Railroad Company by the act of Congress approved July 27, 1866, c. 278, 14 Stat. 292. The Atlantic & Pacific Railroad Company did not construct any portion of the road located by it in the state of California, as contemplated by that act, and Congress on July 6, 1886, c. 637, 24 Stat. 123, passed an act forfeiting the lands granted to that company, in so far as they were "adjacent to and coterminous with the uncompleted portions of the main line of said road, embraced within both the granted and indemnity limits as contemplated to be constructed under and by the provisions" of the act making the grant. The lands in controversy are within the indemnity limits of the grant made to the Southern Pacific Railroad Company by Act March 3, 1871, c. 122, 16 Stat. 573, and were selected by that company as indemnity lands after their restoration to the public domain by the act of July 6, 1886, forfeiting the grant previously made to the Atlantic & Pacific Railroad Company. It is not claimed by the United States that the Southern Pacific Railroad Company did not earn the lands granted to it, nor that it was not entitled to make indemnity selections to take the place of odd-numbered sections within the primary limits of the grant to which it failed to acquire title. But the objection urged to the validity of the selections in controversy is that the lands were not subject to selection by that company, because they are all either within the primary or within the indemnity limits of the prior grant made to the Atlantic & Pacific Railroad Company, and this was the view taken by the Circuit Court.

1. The contention of the Southern Pacific Railroad Company on this appeal is that, as the lands were public lands, open to settlement and entry, at the date of selection, such selection was valid. Section 23 of Act March 3, 1871, 16 Stat. 573, under which the appellant claims, reads:

"That for the purpose of connecting the Texas Pacific Railroad with the city of San Francisco, the Southern Pacific Railroad Company of California is hereby authorized (subject to the laws of California) to construct a line of railroad from a point at or near Tahachapa Pass by way of Los Angeles, to

the Texas Pacific Railroad at or near the Colorado river, with the same rights, grants, and privileges, and subject to the same limitations, restrictions and conditions, as were granted to said Southern Pacific Railroad Company by California by the act of July twenty-seven, eighteen hundred and sixty-six: Provided however, that this section shall in no way affect or impair the rights, present or prospective, of the Atlantic and Pacific Railroad Company, or any other railroad company."

In discussing the effect of the proviso contained in this section, the Supreme Court, in the case of United States v. Colton Marble & Lime Co., 146 U. S. 615, 13 Sup. Ct. 163, 36 L. Ed. 1104, said:

"One thing that distinguishes the grant of 1871 to the Southern Pacific Railroad Company from most, if not all, other land grants, is the proviso, somewhat considered in the opinion in the former cases, and which reads: 'Provided however, that this section shall in no way affect or impair the rights, present or prospective of the Atlantic and Pacific Railroad Company, or any other railroad company.' Carefully inserted, in a way to distinguish this grant from ordinary later and conflicting grants, it must be held that Congress meant by it to impose limitations and restrictions different from those generally imposed in such cases, and it in substance declared that the Southern Pacific Company should not in any event take lands to which any other company had at the time a present or prospective right. As it could have no effect upon the lands within the granted limits, it must have been intended to have some effect upon those within the indemnity limits, they being the only lands upon which it could operate."

It is true that in the case just cited the question before the court was not precisely the same as that which is presented here, the controversy in that case relating to lands within the granted limits of the Southern Pacific Railroad Company under its grant of March 3, 1871, and the indemnity limits of the prior grant to the Atlantic & Pacific Railroad Company. But in the later case of Southern Pacific Railroad Company v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355, part of the lands in controversy were indemnity selections made by the Southern Pacific Railroad Company under the act of March 3, 1871, of lands within both the primary and indemnity limits of the grant made to the Atlantic & Pacific Railroad Company by the act of July 27, 1866; and in affirming the decree of the Circuit Court which annulled patents based upon such indemnity selections the court must necessarily have held, upon the record before it, that such selections were invalid and the patents issued thereon void for that reason; and this seems to have been the construction placed upon the decision in that case by the Supreme Court, in Southern Pacific Railroad Company v. United States, 189 U. S. 447, 23 Sup. Ct. 567, 47 L. Ed. 896, in which the court, in speaking of the contention of the Southern Pacific Railroad Company that it had the right, under its grant of March 3, 1871, to make indemnity selections of land within the place limits of the grant made to the Texas Pacific Railroad by the same act, used this language:

"The Texas Pacific grant was declared forfeited by the act of February 28, 1885, c. 205, 23 Stat. 337, and this forfeiture inured to the benefit of the United States. United States v. Southern Pacific Railroad Co., 146 U. S. 570, 13 Sup. Ct. 152, 36 L. Ed. 1091. It is argued further, however, that, if the Southern Pacific did not get the lands in question under its primary grant, it may take a part of them as indemnity lands. It is said that the company has a right to take them for that purpose if the status of the lands,

at the time of the selection, permits it. Ryan v. Railroad Co., 99 U. S. 382. 25 L. Ed. 305. That contention seems to be disposed of by Southern Pacific Railroad v. United States, 168 U. S. 1, 47, 66, 18 Sup. Ct. 18, 42 L. Ed. 355, and the practice of the Land Department for many years has been inconsistent with it."

The conclusion reached by the Circuit Court is in harmony with the two cases last cited, and the decree is therefore affirmed.