## SOUTHERN PACIFIC RAILROAD COMPANY *v.* UNITED STATES.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 121.    Argued January 26, 1912.—Decided February 26, 1912.

The Southern Pacific Railroad Company is not entitled under the
.Branch Line Land Grant Act of March 3, 1871, c. 122, § 23, 16
Stat. 573, 579, to select as lieu lands within the indemnity limits
specified in that act, any lands within the granted or indemnity
limits of the grant made to Atlantic & Pacific Railroad Company
by the act of July 27, 1866, 14 Stat. 292, c. 278, and forfeited by
that road under the act of July 6, 1886, 24 Stat. 123, c. 637. *South-
ern Pacific Railroad Co.* v. *United States*, 168 U. S. 1, followed, and
*Ryan* v. *Railroad Co.*, 99 U. S. 382, distinguished.

152 Fed. Rep. 314, and 167 Fed. Rep. 574, affirmed.

THE facts, which involve rights of the Southern Pacific
Railroad Company under its branch line grant to lands
within the overlap of the Atlantic and Pacific Railroad
Company grant, are stated in the opinion.

*Mr. Maxwell Evarts* for appellants:

The Southern Pacific Railroad Company under its
branch line grant of March 3, 1871, was entitled to select
the lands in question in lieu of lands lost within the place
limits of its grant.

A railroad is entitled to select indemnity lands from
any lands within the indemnity limits of its grant which
at the time of selection are public lands. In *Ryan* v. *Rail-
road Co.*, 99 U. S. 382, it was decided that whereas the
rights of the company under such a grant in respect to
lands within primary limits depend upon the status of the
lands as public lands or otherwise at the date of the act,

and the time of definite location, the right to lands within indemnity limits does not depend upon the status of such lands at the date of the granting act, but upon their status as public lands or otherwise at the time of selection.

The question is: What is the land now when selection is sought to be made? Is it now public land or not? If it is now public land, then it is of no importance whatever what parties in the past may have had claims or rights thereto. See also *Alabama & Chattanooga R. R. Co.*, 20 L. D. 408; *Southern Pacific R. R. Co.*, 26 L. D. 452.

The status of lands within indemnity limits at the time of selection determines entirely the right of the railroad thereto. *Allers* v. *Northern Pacific R. R. Co.*, 9 L. D. 452; *Northern Pacific R. R. Co.* v. *Halvorson*, 10 L. D. 15; *Missouri, K. & T. Ry. Co.* v. *Beal*, 10 L. D. 504; *Northern Pacific R. R. Co.* v. *Moling*, 11 L. D. 138; *Hensley* v. *Missouri, K. & T. Ry. Co.*, 12 L. D. 19; *Northern Pacific R. R. Co.* v. *Bass*, 13 L. D. 201; *Hastings & Dakota Ry. Co.* v. *St. Paul, M. & M. Ry. Co.*, 13 L. D. 535; *St. Paul, M. & M. R. Co.* v. *Munz*, 17 L. D. 288; *South & North Alabama R. R. Co.* v. *Hall*, 22 L. D. 273; *Southern Pacific R. R. Co.* v. *McKinley*, 22 L. D. 493.

The *Ryan Case* has since its decision always been referred to with approval by this court. The decisions of the Interior Department since the *Ryan Case* have been in accord therewith. It is inconceivable that the doctrine of the *Ryan Case*, so important in land grant law and so long established, should be overturned by a decision of this court in which there was no discussion of, or reference to, the *Ryan Case*. The Southern Pacific Railroad is now entitled to select from within the indemnity limits of its branch line grant lands granted to the Atlantic and Pacific Railroad which were restored to the public domain by the Forfeiture Act of 1886, and were public lands of the United States, at the date of selection by the Southern Pacific and the issue of the patents therefor.

There is no pretense on the part of the Government that the railroad company is not entitled to indemnity lands to take the place of losses within its primary limits.

The ground alleged for the cancellation of the patents issued in this case is that this court has already decided that the Southern Pacific Railroad Company is not entitled to any indemnity land under its branch line grant within the limits of the forfeited Atlantic and Pacific grant, and the whole discussion centers upon the decision in *Southern Pacific R. R. Co.* v. *United States*, 168 U. S. 1.

The lands in controversy in this suit were not within the limits which were involved in the suit in 168 U. S. 1.

The cases in 146 U. S. 570; 146 U. S. 615, and 168 U. S. 1, determined one thing and one thing only, to wit, that the Southern Pacific Railroad Company took no place lands under its grant of March 3, 1871, which were in conflict with the Atlantic and Pacific grant.

This court, in 183 U. S. 519, was careful to point out that the only lands involved in 168 U. S. 1, were "granted" or place lands.

In no decision of this court has it been held that the Southern Pacific Railroad has not the right to select its indemnity lands from the forfeited limits of the Atlantic and Pacific grant.

No reason is suggested and never has been suggested or passed upon by this court as to why this particular grant should be deemed an exception to the general rule. This proposition has never been discussed or decided by this court.

*The Solicitor General* for the United States:

The Southern Pacific is not now entitled under the indemnity provisions of its branch line grant of March 3, 1871, § 23, to select lands which at the time of that grant and of the filing and acceptance of its map and the withdrawals in pursuance thereof were subject to either the

primary or indemnity provisions of the Atlantic and Pacific grant of July 27, 1866, but which subsequently, by the act of July 6, 1886, were forfeited for breach of condition by the Atlantic and Pacific and restored to the public domain.

The question is *res judicata* because of the decision of this court in *Southern Pacific Railroad Company* v. *United States*, 168 U. S. 1.

Still further confirmation is had by reference to another case between the same parties: *Southern Pacific Railroad Co.* v. *United States*, 189 U. S. 447, 451, 452, notwithstanding the case of *Ryan* v. *Railroad Co.*, 99 U. S. 382.

The same situation as in 168 U. S. 1, was before the court in the cases of *United States* v. *Southern Pacific Railroad Co.*, 184 U. S. 49, 53, and *Southern Pacific Railroad Co.* v. *United States*, 200 U. S. 341. Those cases in effect constitute a reaffirmance of the 168 U. S. case.

The proviso in § 23 of the branch line grant renders it quite unnecessary to consider here any distinction that might be based on the fact that cases Nos. 128 and 129 (*post*, p. 565) are concerned only with Atlantic and Pacific primary lands. See *United States* v. *Southern Pacific Railroad Company*, 146 U. S. 615. Moreover, the Forfeiture Act of 1886 hits lands of the Atlantic and Pacific embraced within both the granted and indemnity limits.

No question is presented by the presence of the other parties, the mortgagees stand in the same rights as the Southern Pacific.

The defendant purchaser has not appealed. In any event his joinder injects no other question into the case, for his position as not being a *bona fide* purchaser is settled by the case in 184 U. S. 49.

Mr. Justice Holmes delivered the opinion of the court.

This is a bill brought by the United States to annul

patents for lands lying within the indemnity limits of the grant made to the Southern Pacific Railroad Company by the act of March 3, 1871, c. 122, § 23, 16 Stat. 573, 579, known as the branch line grant, and within the grant made to the Atlantic and Pacific Railroad Company by the act of July 27, 1866, c. 278, 14 Stat. 292. The Atlantic and Pacific road forfeited its grant, (act of July 6, 1886, c. 637, 24 Stat. 123), and thereafter the Southern Pacific selected the two parcels in question, as indemnity under its branch line grant, one of them lying within the granted, and the other within the indemnity limits of the Atlantic and Pacific. It relies on the general principle that whether lands are subject to selection as indemnity depends upon the state of the lands at the time the selection is made. *Ryan* v. *Railroad Co.*, 99 U. S. 382. The Circuit Court, however, held that the right in this particular case had been decided not to exist, 152 Fed. Rep. 314, and the Circuit Court of Appeals affirmed the decree. 167 Fed. Rep. 514. 93 C. C. A. 150.

We are of opinion that the decision was right. In *Southern Pacific Railroad Company* v. *United States*, 168 U. S. 1, the lands in controversy embraced among others, as stated by Mr. Justice Harlan, "lands within the Southern Pacific indemnity limits and the Atlantic and Pacific granted limits; [and] lands within the common indemnity limits of both grants"—*ibid.* 47. It was held that the forfeiture to the United States did not enlarge the right of the Southern Pacific to select the lands in question and the decree was for the United States. The proposition laid down in *United States* v. *Southern Pacific Railroad Company*, 146 U. S. 570, and *United States* v. *Colton Marble & Lime Co.*, 146 U. S. 615, was applied to Southern Pacific branch line indemnity lands. Whatever may be thought of the grounds for making an exception to the principle of *Ryan* v. *Railroad Co.*, *supra*, the exception was established for this case. An elaborate argument was

made on petition for rehearing that the decision could not be extended to indemnity lands, but the petition was denied. In *Southern Pacific Railroad Co.* v. *United States,* 183 U. S. 519, the dismissal of the bill without prejudice to claims that by interpretation are said to include indemnity claims, imports no limitation of the previously established law, and on the other hand in *Southern Pacific Railroad Co.* v. *United States,* 189 U. S. 447, 451, 452, the case in 168 U. S. 1, was followed and the practice of the Land Department in accordance with that decision was mentioned as a further ground. There may be distinctions between the latest decision and this, but in view of the rightly established understanding it is too late to set them up now.

*Decree affirmed.*